## Margolis *v.* Miller, Appellant.

Argued October 3, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Irving W. Coleman,* with him *Martin A. Kutler,* for appellants.

*John Mark Metzger,* with him *Arcus F. Shaffer,* for appellees.

OPINION BY GUNTHER, J., November 15, 1951:

David L. Margolis and Muriel Margolis, his wife, instituted an action in assumpsit seeking damages from Earl A. Miller and Goldie Miller, appellants, for the loss of use of real estate resulting from the latter's failure to vacate and convey premises known as 2330 Allen Street, Allentown, Pennsylvania, during the period from July 1, 1946, to July 7, 1947. A jury rendered a verdict for appellees in the amount of $1,493.04. The court below dismissed appellants' motion for judgment n.o.v. but ordered appellees to file a remittitur reducing the verdict to $698.04, otherwise a new trial would be granted. Appellees filed a remittitur and appellants now appeal from the dismissal of their motion for judgment n.o.v.

The parties entered into an agreement of sale on December 18, 1945, wherein appellants agreed to sell

and appellees agreed to buy premises 2330 Allen Street, Allentown, Pennsylvania, for $20,000. $1,000 was paid on account and the balance of $19,000 was tendered on July 1, 1946, the date agreed upon for conveyance. Appellants refused the tender and on July 26, 1946, appellees instituted their bill in equity for specific performance of the agreement of sale. On March 31, 1947, the court below entered a decree ordering appellants to convey title and possession to appellees within thirty days upon payment of the balance of the purchase price. On May 21, 1947, counsel for the parties filed a stipulation agreeing to extend the date of conveyance until July 1, 1947. Paragraph 3 of this stipulation provided as follows: "Any rights which either of the parties have by reason of the Agreement of Sale, dated December 18, 1945, are not waived by this Stipulation". Title and possession of the real estate was finally conveyed to appellees on July 7, 1947. On January 21, 1950, the present action at law was instituted wherein appellees claimed damages for the wrongful refusal to vacate the premises during the period from July 1, 1946, to July 7, 1947. Appellants filed an answer denying the material averments of the bill, but did not plead the defense of res judicata.

Appellants contend that appellees' prior bill in equity for specific performance of the agreement of sale to convey the same real estate involved, upon which a decree of specific performance was awarded, bars appellees' right to institute this subsequent action in assumpsit to collect damages resulting from the breach of the contract of sale; that the litigation in equity is *res judicata* of the present action at law.

Whether the prior bill in equity is res judicata of the present action in assumpsit is an intriguing and fascinating question but is not properly before us on the record. The affirmative defense of res judicata was not pleaded by appellants in the court below as re-

quired by Rule 1030 of the Rules of Civil Procedure. Rule 1030 provides in part as follows: "The defenses of . . . res judicata . . . *shall* be pleaded in a responsive pleading under the heading 'New Matter' . . .". The definite and mandatory language of Rule 1030 makes it imperative that for one to avail himself of the defense of *res judicata* he must plead it under New Matter; it is improper to raise such defense by demurrer, by preliminary objections or, as was done in the present case upon appellants' oral motion for a compulsory nonsuit. *Commonwealth ex rel. Esenwein v. Esenwein,* 153 Pa. Superior Ct. 69, 33 A. 2d 675, aff'd. 348 Pa. 455, 35 A. 2d 335; *Naffah v. City Deposit Bank,* 339 Pa. 157, 160, 13 A. 2d 63. Cf. *Goodrich Amram,* §1030-2, p. 136; 2 *Anderson, Pennsylvania Civil Practice,* p. 374.

Judgment affirmed.