## Taylor, Appellant, *v.* Humble Oil and Refining Company.

178

Argued June 11, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Charles Jay Bogdanoff*, with him *Joel M. Lieberman, Albert C. Gekoski*, and *Gekoski & Bogdanoff*, for appellant.

*John M. Phelan*, with him *E. Barclay Cale, Jr.*, and *Morgan, Lewis & Bockius*, for appellee.

OPINION BY CERCONE, J., September 19, 1973:

In 1968 plaintiff instituted a suit against Humble Oil Co. for personal injuries alleged to have been sustained in a fall on an icy sidewalk claimed to be within the maintenance and control of the defendant by reason of its control over the adjacent gasoline station. Defendant failed to file an Answer to that suit, and after default judgment was entered against it, it petitioned for an opening of the judgment. Defendant contended that the fall was alleged to have occurred in

front of a service station located at 5th and Erie Avenues in Philadelphia, that service of plaintiff's complaint was made on another station located at 6th and Lehigh Avenues, and that neither of these stations was defendant's "usual place of business," that neither was operated by agents of the defendant but by independent contractors. In a prior appeal in this matter, *Taylor v. Humble Oil and Refining Co.*, 221 Pa. Superior Ct. 394, 398 (1972), we affirmed the opening of the judgment, but limited that opening to a hearing on the merits, saying: "For these reasons, we reverse the determination of the lower court and order a hearing on the merits. The plaintiff, however, would be harmed if the judgment were opened and defendant could now attack the service. . . .

"The action of the court below is modified to allow the opening of the judgment *on condition* that the defendant file an answer *on the merits*." (Emphasis supplied). That matter is still pending in the lower court. However, plaintiff went ahead and filed a second complaint, again alleging negligence as well as a claim for damages on the ground that defendant's failure to make timely answer to its first complaint deprived her of the opportunity to learn of her rights against third parties until the expiration of the statute of limitations. Defendant then filed preliminary objections to this second complaint which were sustained by the lower court. It is from the dismissal of this second complaint that plaintiff has appealed.

It is our determination that the order of dismissal must be affirmed. Defendant properly raised preliminary objection to plaintiff's second complaint on the ground of the pendency of the prior action. The two complaints involved the same parties, the same rights were asserted and the relief prayed for (damages for personal injuries) was the same in both complaints. The long-followed rule is as early stated in *Hessenbruch v.*

*Markle,* 194 Pa. 581, 593 (1900) : "A plea of former suit pending must allege that the case is the same, the parties are the same, and the rights asserted and the relief prayed for the same; and where the proof of the plea can be ascertained by an inspection of the record the court will determine the question without a reference." (See Rule 1017(b)(5) of the Pennsylvania Rules of Civil Procedure.)

The additional charge inserted in the second complaint with reference to defendant's failure to respond to the first complaint wholly fails to state a cause of action recognizable at law and, further, does not alter the nature of the case from that stated in the first complaint. Plaintiff alleges in its very last paragraph of the second complaint that: "Further, defendant was also negligent to the detriment of the plaintiff as it had notice of the accident as aforesaid and the suit filed as Myrtle M. Taylor vs. Humble Oil and Refining Company, August Term, 1968; No. 1659, and defendant failed to act upon the same and thereby cut off plaintiff's right to go against any alleged controlling lessee. As a result, plaintiff did not learn the identity of the alleged lessee until more than two years after the date of the accident as aforesaid." Responsibility for suit against the proper defendant rests upon the plaintiff and the defendant is under no duty to inform plaintiff whom he should sue. A defendant's responsibility extends to his proper defense of the claim and in the absence of depositions, discovery or interrogatories directed to such issues, defendant is not required to supply plaintiff with information as to who is a proper party defendant.

As to any loss of damages claimed by plaintiff by reason of defendant's failure to timely assert non-agency in the first lawsuit, this court has already clearly conditioned the opening of that judgment to an Answer on the merits, thus precluding the harm of which

plaintiff complains. Since the first action is still pending, the lower court properly dismissed the second complaint.

We, therefore, affirm the lower court's action in dismissing the second cause of action.

Order affirmed.