393 A.2d 480

**William E. LEBEAU, Appellee,**

v.

**Marion B. LEBEAU, Appellant.**

Superior Court of Pennsylvania.

Argued April 13, 1978.

Decided Oct. 20, 1978.

520

Henry E. Rea, Jr., Pittsburgh, with him Brandt, Milnes, Rea & Malone, Pittsburgh, for appellant.

Maurice A. Nernberg, Jr., Pittsburgh, for appellee.

Before JACOBS, President Judge, and HOFFMAN, CER-
CONE, PRICE, VAN der VOORT, SPAETH and HESTER,
JJ.

HESTER, Judge:

This is an appeal from an order of the Court of Common
Pleas of Allegheny County, Family Division, granting judg-
ment on the pleadings in favor of appellee in a suit in equity
to partition certain marital real property. Specifically, the
issue before us is whether appellant was precluded, by a
former adjudication, from asserting a defense to appellee's
suit to partition. Because we find appellant was not so
precluded, we will reverse.

Appellant Marion Lebeau and appellee William Lebeau
had been married for 25 years when, in 1972, appellee filed a
complaint in divorce in Allegheny County. As the parties
were by that time separated, appellant was successful in
obtaining orders of support and maintenance for herself and
her two children. While the divorce suit was pending in
Allegheny County, appellee removed himself to Waco, Texas
where he initiated a second petition for divorce. Appellant
was served with notice by mail of the Texas proceedings, but
did not enter an appearance or otherwise contest. Mean-
while, the divorce suit in Allegheny County was denied
following a master's hearing thereon, and an appropriate
order of court was filed on November 3, 1976. Thereafter,
on December 23, 1976, the Texas court entered an order
granting appellee's divorce complaint, the court therein find-
ing appellee had proven the requisite statutory grounds
under Texas law.

On February 1, 1977, appellee, back in Allegheny County,
filed a petition to vacate and terminate the prior support
order on the grounds the parties were no longer married.
Counsel for both sides met in Chambers with the Hearing
Judge where it appears appellant's counsel did not challenge
the Texas divorce decree or otherwise contest the petition to
terminate support. Accordingly, Judge Brosky entered an

order granting the petition on February 7, 1977.[1]  In the order, the court found the divorce valid since no one had challenged it.

Appellee next filed his complaint in equity to partition certain property held by entireties, again averring the foreign divorce decree.  Appellant filed an answer denying that the parties were divorced, and averred that the Texas court lacked jurisdiction over appellee and the marital relationship and therefore could not render a valid, binding decree in divorce.  Appellee moved for judgment on the pleadings,[2] stating the prior order terminating support was "res judicata" on the issue of the validity of the Texas decree, thus precluding appellant from raising it as a defense to the instant petition.  In its opinion of May 5, 1977, the court below agreed with appellee, finding the order of February 7, 1977 a definitive judgment on the issue of the validity of the divorce and concluded that appellant could not relitigate the matter anew.  It is from that determination that appellant takes this appeal.[3]

■ The binding and conclusive effects of a former adjudication are embraced by the two doctrines of res judicata and collateral estoppel.  Although often confused and misapplied, these concepts were designed to meet two related but distinct situations where a former judgment or decree is sought to be invoked as a barrier in a subsequent action.  The policies underlying both are the same:  to minimize the judicial energy devoted to individual cases, establish certainty and respect for court judgments, and protect the party relying on the prior adjudication from vexatious litigation.  See James and Hazard, Civil Procedure, 523 (1977).

1.  At the time of this proceeding, the prior support order was on appeal to this Court at No. 235, April Term, 1977.  Judge Brosky's order terminating the support order was pursuant to Rule of Appellate Pro. 1701(c).  The appeal was thereafter discontinued.

2.  Pa. Rule of Civil P. 1034.

3.  Appellate jurisdiction is vested in this Court by the Act of July 31, 1970, P.L. 673, No. 223, Art. III, § 302 (17 P.S. § 211.302) and Pa. Rules of Appellate P. 702(b).

■ Res judicata [4] will generally apply where the cause of action in one suit is identical with that involved in a prior judgment. Thus, a final judgment rendered by a court of competent jurisdiction on the merits is conclusive of the rights of the parties and their privies and constitutes a bar to a subsequent action involving that same claim, demand, or cause of action and issues determined therein, *Jenkins v. Jenkins,* 246 Pa.Super. 455, 371 A.2d 925 (1977). See also *Sea-Land Services v. Gaudet,* 414 U.S. 573, 579, 94 S.Ct. 806, 812, 39 L.Ed.2d 9 (1974); *Cromwell v. County of Sac,* 94 U.S. 351, 24 L.Ed. 195 (1877), Restatement Second, Judgments, § 45 (Tent. Draft No. 1, 3/28/73); Am.Jur.2d, Judgments, § 417. We recently restated the four conditions which must be shown to support a claim of res judicata:

1) the identity of the thing sued upon;

2) identity of the cause of action;

3) identity of the persons or parties to the action;

4) identity of the quality or capacity of the parties suing or sued.

*Thompson v. Karastan,* 228 Pa.Super. 260, 323 A.2d 341, 344 (1974); *Callery v. Twp. of Blythe,* 432 Pa. 307, 243 A.2d 385 (1968); *Schubach v. Silver,* 461 Pa. 366, 336 A.2d 328 (1975).

■ When a second action is upon a different claim, demand, or cause of action, the rule of collateral estoppel prevents relitigation of issues of fact or law actually litigated and determined by a valid and final judgment in the first action. Such issues must have been essential to the former adjudication and not merely collateral or incidental. Further, the preclusion applies only to issues actually litigated and determined, and not to matters which might have been raised in the first proceeding, but were not. Restatement Second, Judgments, § 68, supra; *Cromwell v. County of Sac,* supra; *Pilgrim Food Products Co. v. Filler Products,* 393 Pa. 418, 143 A.2d 47 (1958). *Thompson v. Karasten,* supra. In *Thompson,* we restated the two requirements for collateral estoppel:

4. The phrase means literally a matter adjudged or a thing judicially acted upon or decided. Black's Law Dictionary, 4th ed. *Twp. of McCandless v. McCarthy,* 7 Pa.Cmwlth. 611, 300 A.2d 815 (1973).

(1) that the issue or issues of fact determined in a prior action be the same as those appearing in a subsequent action, there being no necessity that the cause of actions be the same;

(2) that the party against whom the defense is invoked is identical to or in privity to the party in the first action.

228 Pa.Super. at 260, 323 A.2d at 344. A simple term, "issue preclusion", is now being used to describe collateral estoppel. See Restatement Second, Judgments, § 68.

■■■ Turning to the merits of the instant appeal, we are persuaded, as was the lower court, that this case is not governed by the doctrine of res judicata. The second requirement, identity of the cause of action, is clearly wanting. While the former litigation was concerned with a support order, the instant suit involves a partition of marital property. Although the phrase "identity of the cause of action" is not given to easy definition,[5] we think it clear a suit for sale and division of proceeds pursuant of Act of May 10, 1927, P.L. 884 (68 P.S. §§ 501 et seq.) is a separate and distinct claim from a controversy over a domestic support order under the Support Law, Act of June 24, 1937, P.L. 2045 (62 P.S. §§ 1971 et seq.) Each action involves different matters of proof, evidence, separate statutory grounds, and pleadings. The only link between the two is the fact of a marriage. Since we conclude the causes of action are not the same, we now consider whether collateral estoppel will apply.

The court below concluded that appellant was collaterally estopped from asserting the invalidity of the Texas divorce,[6] because that the decree was:

. . . clearly at issue in the prior litigation . . . and defendant [appellant] did not challenge it at that

---

5. See *Twp. of McCandless v. McCarthy,* 7 Pa.Cmwlth. 611, 300 A.2d 815 (1973). The Restatement Second, Judgments, § 61 espouses a modern "transactional" analysis of "cause of action" for res judicata purposes.

6. The legal propriety of such grounds for attack is of course, well settled. *Williams v. North Carolina,* 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577 (1945).

juncture. Same was not immaterial, incidental, or merely a collateral matter to the prior adjudication. It was an issue which was essential, central, relevant, and specifically mentioned in the prior order.

Furthermore, the support order . . . which [appellee] sought to have terminated *could have been* potentially protected by the challenging of the foreign divorce decree's validity, but, rather, its validity was acknowledged by [appellant's] failure to enter any challenge thereto. Lower court opinion at 5. (emphasis added).

There are a number of problems with this conclusion. First, the matter of the decree's validity was never "actually litigated" in the prior proceeding. From the sketchy record before us, it appears appellant merely chose not to contest the motion to vacate and agreed support was no longer necessary. No responsive pleadings were filed, no briefs were submitted, no testimony taken, no arguments heard. An issue is not actually litigated if the defendant might have interposed it as an affirmative defense, but fails to do so; nor is it actually litigated if it is raised by a material allegation of a party's pleading but is admitted (explicitly or by failure to deny); nor is it actually litigated if it is the subject of a stipulation between the parties. See Restatement Second, Judgments, § 68, comment e. If the defendant fails to plead or otherwise defend, nothing is put in issue, save possibly the facts needed to give the court jurisdiction over the subject matter. No other matter or point, then, becomes binding on the parties in later actions upon different claims. *Martin v. Poole,* 232 Pa.Super. 263, 336 A.2d 363 (1975). James and Hazard, Civil Procedure, 565–6 (1977).

Second, in the rule of collateral estoppel it is clear that those issues which might have been raised in the former proceedings, but were not, will not be barred in the later suit.[7] In its opinion, the lower court specifically noted that the support order *could* have been protected by a challenge

7. Pennsylvania has no compulsory counterclaim rule. See Rule of Civil P. 1031.

to the validity of the divorce. The rationale for not precluding those issues which might have been raised rests in sound trial strategy and an attempt to minimize the penalties for oversight or mistake in choice of defense. "There are many reasons why a party may choose not to raise an issue or to contest an assertion. The action may involve so small an amount that litigation on the issue may cost more than the value of the lawsuit. Or the forum may be an inconvenient one . . . [I]f preclusive effect were given to issues not litigated, the result might be to discourage compromise, to decrease the likelihood that the issues in an action would be narrowed by stipulation, and thus to intensify litigation" Restatement Second, Judgments, § 68, comment e.

Third, the lower court's order vacating its earlier support order was akin to a stipulation or consent judgment since appellant, through her counsel, informed the court she would not contest the motion. We are informed through briefs of counsel that appellant made that choice because her children were no longer dependent on her. In *Keystone Bldg. Corp. v. Lincoln S. & L. Assoc.,* 468 Pa. 85, 360 A.2d 191 (1976), our Supreme Court gave limited estoppel effect to the consent judgment therein. "[T]here is no valid reason why, when the parties can expeditiously resolve one issue in an action, they cannot consent to a judgment on that issue, and preserve their right to fully litigate the other issue". Id. at 94, 360 A.2d at 196.[8] Similarly, if appellant should agree to a petition to vacate support, it was in the best interests of judicial economy to end that controversy quickly by agreement, thus preserving for another day issues which might have been raised. Such a determination cannot be construed as a tacit admission for all time of the validity of the divorce.

Finally, since appellant chose not to contest the petition, the court's determination of the validity of the divorce was not necessary and essential to the order entered. A suit in divorce is not required in order to prove a spouse is

8. See James, Consent Judgments as Collateral Estoppel, 108 U.Pa.L. Rev. 173 (1959).

not entitled to support. *White v. White,* 226 Pa.Super. 499, 313 A.2d 776 (1973). The doctrine of collateral estoppel will not apply to an issue, the determination of which was not essential to the judgment. *Thal v. Krawitz,* 365 Pa. 110, 73 A.2d 376 (1950).

Because we are satisfied appellant was not precluded from raising the issue of the divorce decree's validity, the order of the lower court granting judgment on the pleadings is reversed, and the case is remanded for proceedings in accordance with this opinion.

CERCONE, J., concurs in the result.

JACOBS, President Judge, and PRICE, J., dissent.

HOFFMAN, J., did not participate in the consideration or decision of this case.