422 A.2d 642

**Abraham GLAZER and Leader Industries, Inc., Appellants,**

v.

**CAMBRIDGE INDUSTRIES, INC.**

Superior Court of Pennsylvania.

Argued June 11, 1980.

Filed Oct. 31, 1980.

Manya L. Kamerling, Philadelphia, for appellants.

Anthony B. Quinn, Philadelphia, for appellee.

Before WATKINS, BROSKY and CIRILLO, JJ.*

CIRILLO, Judge:

This is an appeal from the dismissal of plaintiffs' Amended Complaint following Preliminary Objections on the grounds of lis pendens.

This is the third suit arising out of a shareholders agreement entered into by Arnold Cohen and Abraham Glazer, which created Leader Industries, Inc. The corporate stock of Leader Industries, Inc., is owned fifty percent by Cohen and fifty percent by Glazer. The shareholders agreement provides in pertinent part:

1.3 The initial and principle business of Corporation is the manufacture and sale of furniture. Cohen is presently in the bedding business trading as Cambridge Industries, Inc. ("Cambridge") and Glazer is a manufacturer's representative trading as A. G. Sales Co. ("A.G.").

Cohen agrees to cause Cambridge to deliver to Corporation at least 100 sets of bedding (box spring and mattress) per week, unless mutually agreed to contrary, at cost and with no profit to Cohen or Cambridge.

1.5 Cohen and/or Cambridge will not sell bedding to any customers other than Corporation, Home Yene Furniture (Phila., Pa.) and Nelsons (Kingston, Pa.). All other sales shall be made through Corporation.

---

\* Judge Vincent A. Cirillo of the Court of Common Pleas of Montgomery County, Pennsylvania, is sitting by designation.

1.6 Glazer and/or A. G. shall not sell any line of bedding during the term of this agreement other than that supplied by Cohen and/or Cambridge.

In the spring of 1978, some disharmony developed and in June 1978 Glazer sent Cohen a letter terminating the agreement; Glazer also formed Leader Bedding, Inc., a firm engaged in the same business as Leader Industries, Inc.

In August 1978 Cohen and Leader Industries filed a suit in equity against Glazer and Leader Bedding, Inc., alleging that Glazer had wrongfully usurped the customers, assets and merchandising contacts of Leader Industries, Inc. Glazer and Leader Bedding filed an Answer and New Matter; Glazer and Leader Industries, Inc., filed a Counterclaim against Cohen alone, alleging breaches of the shareholders agreement in that Cohen and/or Cambridge had failed to supply the requirements of Leader Industries, Inc., sold to prohibited customers, overcharged Leader Industries and failed to share the profits from related manufacturing projects.

In November 1978 a second related suit was filed; this time by Cambridge Industries against Leader Industries, Inc., for goods sold and delivered. Leader Industries, Inc., brought a Counterclaim alleging essentially the same matter as that of the Counterclaim against Cohen in the August action–breaches of the shareholders agreement. The Counterclaim was dismissed without prejudice and without opinion by Judge Berel Caesar on March 20, 1979. Later, the August suit, *Leader Industries, Inc. v. Glazer and Leader Bedding, Inc.* and the November suit, *Cambridge Industries v. Leader Industries, Inc.*, were consolidated in accordance with Pa.R.Civ.P. 213.

Believing itself to have a valid claim against Cambridge Industries, Inc., which was not being asserted in any other action, Glazer and Leader Industries, Inc., filed the instant action against Cambridge Industries, Inc., in April 1979, alleging breaches of the shareholders agreement and seeking money damages for lost profits resulting from the breach and for the sale and delivery of damaged and defective bedding.

The defendant, Cambridge Industries, filed Preliminary Objections consisting of (1) a demurrer, claiming that Cambridge was not a party to the shareholders agreement and (2) setting up the existence of a prior pending action, that being the August action: *Cohen and Leader Industries, Inc. v. Glazer and Leader Bedding, Inc.*, Counterclaim by *Glazer and Leader Industries v. Arnold Cohen.*

The trial court, Judge King presiding, sustained the Preliminary Objections and dismissed the Complaint on grounds of lis pendens on July 17, 1979. On August 17, 1979, plaintiff filed Notice of Appeal and Petition for Reconsideration. On September 5, 1979, after the thirty day period for reconsideration had expired, Pa.R.App.P. 1701(b), Judge King found lis pendens to be inapplicable and vacated his earlier Order of July 17, 1979 and reinstated plaintiffs' Complaint. On October 4, 1979, Judge King granted supersedeas pending a Petition for Writ of Prohibition; on October 17, 1979, the Superior Court granted a Writ of Prohibition.

Therefore, this matter is now before the Superior Court on appeal from the Order of Judge King of July 17, 1979 dismissing the plaintiffs' Complaint on grounds of lis pendens.

■ It was error for the trial court to dismiss the plaintiffs' Complaint on grounds of lis pendens. Lis pendens, or more appropriately, 'former action pending' must allege that the case is the same, the parties are the same, and the rights asserted and the relief requested are the same as those of a prior pending suit. *Hessenbrunch v. Markle*, 194 Pa. 581, 45 A. 669 (1900); *Dickerson v. Dickerson Overseas Company*, 369 Pa. 224, 85 A.2d 102 (1952); *Raw v. Lehnert*, 238 Pa.Super. 324, 357 A.2d 574 (1976). The doctrine of lis pendens has no applicability to this case since the parties and relief requested are not the same as those of any other pending action.

An outline of the parties to the litigation arising out of the shareholders agreement will demonstrate that the parties to this instant action are different from those of the August and November law suits and that, therefore, no plea of former suit can prevail. The parties to the August action are Cohen and Leader Industries, Inc. against Glazer and Leader Bedding, Inc., Counterclaim by Glazer and Leader Industries, Inc. against Cohen alone. The parties to the November action are Cambridge Industries against Leader Industries, Inc. The parties to the instant action are Glazer and Leader Industries, Inc. against Cambridge Industries, Inc.

While it is true that Cambridge is a party to both the November and April actions, the parties opposing Cambridge in those actions are different. Cambridge brought the November action against Leader Industries only; Glazer is not a party to that action. The instant, April action, was brought by Glazer and Leader Industries against Cambridge after the Counterclaim of Leader Industries, Inc. was dismissed without prejudice in the November action.

Cambridge is not a party to the August action brought by Cohen and Leader Industries against Glazer and Leader Bedding, Inc., nor is it a party to the Counterclaim brought by Glazer and Leader Bedding in that suit. Only Cohen is a party to the Complaint and Counterclaim in that suit. While Cambridge is a party to the instant April action, Cohen is not. The fact that Cohen owns all the stock of Cambridge Industries does not mean that they are one and the same. A corporation is a distinct and separate entity, irrespective of the ownership of the stock, and the fact that one person owns all its stock does not make him and the corporation one and the same. *Barium Steel Corp. v. Wiley*, 379 Pa. 38, 108 A.2d 336 (1954). Furthermore, Cohen is neither a party to the November action brought by Cambridge Industries, nor a party to the instant April action brought by Glazer and Leader Industries.

Further, the relief requested in this case is not the same as the relief requested in any of the pending litigation arising out of the shareholders agreement. The August action by Cohen and Leader Industries, Inc. against Glazer and Leader Bedding is a suit in equity; while Glazer and Leader Industries, Inc. do seek some money damages in their Counterclaim against Cohen, the relief sought in that case is primarily equitable and injunctive. The November action is a suit by Cambridge Industries against Leader Industries for goods sold and delivered. Since the Counterclaim of Glazer and Leader Industries, Inc., asserting setoffs and counter-. claims against Cambridge Industries were dismissed without prejudice in the November suit, Glazer and Leader Industries brought the instant April action to assert its claims against Cambridge Industries. The instant April action is a suit in assumpsit seeking primarily money damages for lost profits and other losses suffered due to the alleged breach of the shareholders agreement by Cambridge. Furthermore, plaintiffs, Glazer and Leader Industries, Inc., seek money damages or setoffs for damaged and defective bedding sold and delivered to them by Cambridge. This claim is not raised in any other pending action.

■ While there is a common underlying factual basis to all these suits—the shareholders agreement—neither the parties nor the relief requested is the same as those of any other pending action and a plea of lis pendens cannot be sustained. Therefore, the Order of the Court of July 17, 1979 must be reversed and plaintiffs' Complaint reinstated.

Since this action involves common questions of law and fact with the August and November suits, which have already been consolidated, this action, too, should be consolidated with those in accordance with Pa.R.Civ.P. 213, and the case remanded to the trial court for a determination of whether Cambridge Industries is a party to the shareholders agreement.

Reversed and Remanded.