459 A.2d 354

**Michael EPSTEIN, Appellant,**

v.

**STATE FARM MUTUAL INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued Sept. 28, 1982.

Filed March 18, 1983.

Reargument Denied May 25, 1983.

Petition for Allowance of Appeal Denied Nov. 1, 1983.

Allen L. Feingold, Philadelphia, for appellant.

John E. Schuppert, Philadelphia, for appellee.

Before SPAETH, WICKERSHAM and CIRILLO, JJ.

SPAETH, Judge:

This is an appeal from an order dismissing appellant's complaint with prejudice on the ground that the claim raised is the same as the one that has already been asserted in a prior action. Appellant argues that we should reverse the order because dismissal was not justified under the doctrines of res judicata or lis pendens. We affirm.

In July 1978, Michael Epstein, appellant, was injured in a motor vehicle accident. Appellant was insured by State Farm Mutual Insurance Company, appellee, under a policy that included uninsured motorist benefits. The driver, Terrell Moore, was insured by Concord Mutual Insurance Company.

In February 1980, appellant sought to obtain uninsured motorist benefits from appellee. The claim was arbitrated and coverage was denied. Exceptions were denied on the grounds that appellant had not established his entitlement to uninsured motorist's benefits, and that in any event, his exceptions had not been timely filed. The order denying appellant's exceptions was appealed to this court on January 8, 1981. That appeal has not yet been decided.

On March 2, 1981, appellant filed a complaint against appellee seeking general and punitive damages for appellee's refusal to provide appellant with uninsured motorist coverage for the July 1978 accident. The complaint was dismissed on the ground that it raised the same claim as had already been asserted in the prior action. This appeal is from that dismissal.

Appellant's argument that this action—the second action—should not have been dismissed lacks merit. Both the

cause of action in this case and the cause of action in the prior case arise from the same occurrence—appellee's refusal to provide uninsured motorist benefits to compensate appellant for injuries suffered in the July accident. Because both causes of action arise from the same occurrence, appellant was required by the compulsory joinder provisions of the Rules of Civil Procedure to assert them both in a single action. Thus, Rule 1020 provides: "(d)(1) If a transaction or occurrence or a series of transactions or occurrences gives rise to causes of action in assumpsit and trespass against the same person, ... *they shall be joined* in an action against any such person in separate counts." Pa.R.Civ.P. 1020(d)(1) (emphasis added). Appellant's failure to abide by this rule—in other words, his failure in his first action to join as a separate count the cause of action he now argues before us—"shall be deemed a waiver of that cause of action as against all parties to the action." Pa.R.Civ.P. 1020(d)(4).[1] The lower court's order dismissing that action was therefore proper.[2]

1. The dissent argues that Pa.R.Civ.P. 1020(d)(1) does not apply because appellee, rather than appellant, petitioned for the appointment of an arbitrator in the first action. Dissenting op. at 356. But the fact that appellee petitioned for the appointment of an arbitrator does not undermine the fact that it was appellant's claim for insurance proceeds that was the subject of the arbitration. Appellee had no reason to petition the court for the appointment of an arbitrator except to facilitate the resolution of appellant's claim. Thus the lower court found that "[t]his case was the second claim filed by plaintiff. The first claim was heard by an arbitrator appointed by the Court under the Pennsylvania Arbitration Act of 1927." Slip op. at 1. The lower court's denial of appellant's exceptions to the arbitrator's award in the first action was based on the fact that appellant "utterly failed to carry his burden of proof." Slip op. at 3. The lower court was thus entirely correct in concluding that the first claim, as well as the second, was brought by appellant.

The dissent also argues that we should not dispose of this appeal on the basis of Rule 1020 because the parties have not argued the rule. Dissenting op. at 356. Although neither the parties nor the lower court referred specifically to Rule 1020, the policy that the rule promotes—that appellant should not be permitted to waste judicial resources by presenting a dispute involving one transaction in two separate actions—was the basis of appellee's objection to the second action both in the lower court and on appeal: "This lawsuit arises out

2. See note 2 on page 545.

Affirmed.

CIRILLO, J., files a dissenting opinion.

CIRILLO, Judge, dissenting:

I respectfully dissent. The majority decides this case on the basis of an issue not presented by the parties. Conclud-

of the same exact claim as was heard and considered by the arbitrator .... It is ... a duplicate cause of action to the arbitration already heard and decided and presently on appeal; it is wasteful of the Court's time and is spurious." Defendant's Preliminary Objections at 3. "[T]he complaint ... fails to state a cause of action ... because the complaint indicated on its face that it alleged the same dispute dealt with in the arbitration proceeding." Brief for Appellee at 8. The lower court dismissed appellant's complaint in this action on the ground that "[t]his case was the second claim filed by plaintiff .... This second claim arises out of the same claim that was heard and denied by the arbitrator. The second claim is entirely spurious ...." Slip op. at 1. It is precisely on that basis, *with the additional authority* of Pa.R.Civ.P. 1020(d), that we affirm the lower court's order.

2. Even if the dissent were correct that the cause of action now asserted before us is distinct from that asserted by appellant in his first action, we should disagree with its suggested disposition of the case. The underlying issue in the first action is whether appellant is entitled to receive uninsured motorist benefits from appellee. The first action is now on appeal to this court. If on that appeal we uphold the lower court, either on the ground that appellant did not timely file exceptions or on the merits, the conclusion will follow that appellant is not entitled to uninsured motorist benefits. That conclusion will be binding on appellant in his second action—the action before us in this case. This will be true by virtue of the doctrine of collateral estoppel. *See generally Lebeau v. Lebeau*, 258 Pa.Super. 519, 393 A.2d 480 (1978). Consequently, the action before us would then have to be dismissed. If, on the other hand, the lower court's decision in the first action is reversed on appeal, the conclusion will follow that appellant is entitled to uninsured motorist benefits. That conclusion will be binding on appellee. Therefore, if the dissent were correct that appellant has not waived but may maintain his second action, the only issue that the lower court would need to decide in that action would be whether appellant was entitled to punitive damages. *See generally, Lebeau v. Lebeau, supra.* It follows that, on its view of the case, the dissent should not argue for reversal of the lower court's order but for a stay, pending disposition of the appeal in the first action. Instead, the dissent recommends that not this action but the first action be stayed. We think, however, that "the interest of justice and judicial economy," dissenting op. at 357, will be better served if we dispose of this action now.

ing that the causes of action in this case and the cause of action in the first case arise from the same occurrence, the majority holds that under the mandatory joinder provisions of Pa.R.C.P. 1020(d)(1), appellant was required to join them all in the first case and the failure to do so has resulted in the waiver of the causes of action asserted in the instant case pursuant to Pa.R.C.P. 1020(d)(4). Neither party raised the Rule 1020(d) mandatory joinder issue in the trial court or on appeal. In its preliminary objections, appellee, State Farm, raised only lack of subject matter jurisdiction, pendency of a prior action, failure to state a cause of action upon which relief could be granted and the statute of limitation. It is improper for this Court to decide an appeal on the basis of an issue not presented to it by the parties. *Coleman v. Board of Education of the School District of Philadelphia*, 477 Pa. 414, 383 A.2d 1275 (1978); *Wiegand v. Wiegand*, 461 Pa. 482, 337 A.2d 256 (1975). The majority therefore erred in sua sponte raising and deciding this appeal on the basis of Rule 1020(d).

Had the issue of mandatory joinder of causes of action been raised by the parties, I would not find it dispositive under the circumstances of this case. Preliminarily, I disagree with the majority's conclusion that the causes of action in the instant case and the cause of action in the first case arise out of the same occurrence: State Farm's refusal to provide uninsured motorist benefits to compensate appellant for injuries suffered in the July accident. Only the instant action arises out of State Farm's *refusal* to provide uninsured motorist benefits. The first action arises not out of State Farm's refusal to pay benefits, but out of the July accident itself. The first action involves appellant's claim *under* the uninsured motorist provisions of the insurance policy for injuries suffered in the July accident. The causes of action involved in the instant case arise not from the July accident but from State Farm's alleged wrongful conduct occurring after the accident and in the course of processing and litigating the uninsured motorist claim.

However, granting for purposes of argument that the causes of action in both cases arise from "the same series of transactions or occurrences" so as to bring them within the mandatory joinder provisions of Rule 1020(d)(1), appellant could not have joined, in the first action, the causes of action he now asserts and therefore he cannot justly be held to have waived them by failing to do so. The first action was not commenced by appellant, but by appellee, State Farm. State Farm commenced the first action by filing a petition to compel the appointment of an arbitrator. No complaint was filed by the appellant in the first action; thus, he cannot be required to have joined the causes of action asserted in the instant action in separate counts in the first action. Furthermore, the timing and sequence of the events giving rise to the causes of action asserted in the instant action prevented appellant from raising and joining them in the first action. It is appellee, State Farm's, conduct occurring after the July accident and in the course of the first action, which appellant claims was tortious and in breach of contract, that forms the basis of the causes of action asserted in the instant case. Thus, under the unusual procedural and factual circumstances of this case, the mandatory joinder provisions of Pa.R.C.P. 1020 furnish no basis for dismissal of the instant action.

Nor is dismissal justified on the grounds of res judicata or lis pendens. Res judicata is an affirmative defense which, under Pa.R.C.P. 1030, must be raised in a responsive pleading as new matter and which, if not pled, is waived pursuant to Pa.R.C.P. 1032. State Farm did not plead the defense of res judicata in the trial court and thus it has been waived. *Callery v. Municipal Authority of Blythe Township,* 432 Pa. 307, 243 A.2d 385 (1968); *Lang v. Recht,* 171 Pa.Super. 605, 91 A.2d 313 (1952); *Margolis v. Miller,* 170 Pa.Super. 148, 84 A.2d 213 (1951). State Farm raised res judicata for the first time on appeal. However, issues not raised in the lower court are waived and cannot be raised for the first time on appeal. Pa.R.A.P. 302(a). Thus, dismissal cannot be based on res judicata.

Lis pendens or prior action pending is a narrow doctrine. Dismissal on the grounds of lis pendens is valid only when it is established that the parties, the cause of action, the rights asserted, and the relief requested in an action are the same as those of a prior pending action. *Dickerson v. Dickersons Overseas Company,* 369 Pa. 244, 85 A.2d 102 (1952); *Hessenbruch v. Markle,* 194 Pa. 581, 45 A. 669 (1900); *Glazer v. Cambridge Industries, Inc.,* 281 Pa.Super. 621, 422 A.2d 642 (1980); *Raw v. Lehnert,* 238 Pa.Super. 324, 357 A.2d 574 (1976); *Taylor v. Humble Oil and Refining Co.,* 225 Pa.Super. 177, 311 A.2d 324 (1973). Since the cause of action, the rights asserted and the relief requested in the instant action are not the same as those of the first action, lis pendens is inapplicable.

In the first action appellant seeks recovery and asserts rights under the uninsured motorists provision of the State Farm insurance policy for injuries sustained in the July accident. In the instant action, appellant asserts in assumpsit that appellee has breached its contract and seeks damages for the breach. In trespass appellant seeks punitive damages, alleging appellee acted with malice for the purposes of harassing and frustrating appellant and with the intent of inflicting emotional distress upon him. The cause of action in the instant case arises not from the July accident but from State Farm's alleged wrongful conduct occurring after the accident. Appellant contends that this conduct constitutes a breach of contract and a tort. Since the cause of action, rights asserted and relief requested in the two actions are not the same, the doctrine of lis pendens is inapplicable.

However, in *D'Ambrosio v. Pennsylvania National Mutual Insurance Co.,* 494 Pa. 501, 431 A.2d 966 (1981), our Supreme Court held that under Pennsylvania law there is no cause of action for punitive damages or damages for emotional distress because of an insurer's alleged bad faith in denying a claim. In refusing to create such a cause of action in trespass, the Supreme Court recognized that an adequate remedy existed in assumpsit. Thus, in the instant

case, I would reverse the trial court's dismissal of the instant action, dismiss the count in trespass, but remand the assumpsit count.

Finally, in the interest of justice and judicial economy, I would stay the appeal in the first action, which is presently pending in our Court at No. 102 Philadelphia 1981, and since both that action and the instant action involve the common underlying question of Concord Mutual's solvency pursuant to Pa.R.A.P. 513, I would direct that the Order issued in the instant case on remand be consolidated with the pending appeal in the first case.