In re FIDELITY AMERICA FINANCIAL CORPORATION.

In re FIDELITY AMERICA MORTGAGE CO. (A Pennsylvania Corporation).

In re FIDELITY AMERICA MORTGAGE CO. (A Delaware Corporation).

In re FIDELITY AMERICA MORTGAGE CO. (A Nevada Corporation).

Bankruptcy Nos. 81–00385, 81–00386G, 81–00387G and 81–00388G.

United States Bankruptcy Court, E.D. Pennsylvania.

Oct. 18, 1983.

Alexander N. Rubin, Jr., Robert Szwajkos, Rubin, Quinn & Moss, Philadelphia, Pa. for trustee, Norman M. Kransdorf.

Axel A. Shield, II, Hankin, Hankin & Hankin, Willow Grove, Pa., and Victor Gerstein, Haas, Goldstein, Hauser, Cohen & Gerstein, New York City, for Dresher Associates.

Franklin J. Seyfert, Media, Pa., for Olga Kralovec and Thomas F. Wilson.

Michael J. Sheridan, Norristown, Pa., Solicitor for Tax Claim Bureau.

Charles M. Golden, Robert C. Daniels, P.C., Philadelphia, Pa., for debtor, FAMCO.

Michael Temin, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for Howard I. Green and U.S. Management Corp.

Neal D. Colton, Dechert, Price & Rhoads, Philadelphia, Pa., for secured mortgage noteholders in FAMCO.

Edward C. Toole, Jr., Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., and Lawrence R. Scheetz, Williams & Scheetz, Richboro, Pa., Elizabeth K. Heinze, Chairwoman, Drexel Hill, for unsecured creditors' committee in FAFCO.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The problem in this case is whether the trustee of one of the above chapter 11 corporate debtors, Fidelity America Mortgage Co., ("FAMCO"), can avoid a mortgage under 11 U.S.C. § 544(a)(3) on a parcel of real property owned by a corporation, all of whose corporate stock is owned by a subsidiary of FAMCO. The issue arises by virtue of an objection to the approval of an agreement which seeks to transfer the realty in question. For the reasons stated herein we find that the mortgage is not avoidable since, under § 544, the granting of the mortgage was not a transfer of property of FAMCO, but rather a transfer of a subsidiary's property.

The facts of the case are as follows:[1] FAMCO filed for relief under chapter 11 of the Bankruptcy Code ("the Code") on February 4, 1981. FAMCO is the sole general partner in a limited partnership known as Dresher Associates and is the owner of 100% of the stock of Dalk Corporation ("Dalk"). Prior to October 20, 1978, Olga Kralovec, ("Kralovec"), the objector in this controversy, owned virtually all of the shares of Dalk. However, on that date she sold her stock to FAMCO in exchange for a mortgage secured by a parcel of realty owned by Dalk. In negotiating this transaction the parties agreed that Dalk would change its name to "3364 Corporation." Relying on this agreement, Kralovec recorded the mortgage under the name of "3364 Corporation" rather than "Dalk." Dalk never took the necessary measures to effect the name change under state law. Immediately prior to Kralovec's sale of the stock, Dalk leased the property to Dresher Associates.

After the filing of the debtor's petition for relief under chapter 11 the trustee filed an application for approval of an agreement which sought, *inter alia,* to convey the realty from Dalk to Dresher.[2] Kralovec objected to the agreement on several bases, the first of which is predicated on the uncertain status of her mortgage. The trustee responded to this objection by alleging that the mortgage should be avoided pursuant to 11 U.S.C. § 544.

We initially note that this controversy has curiously evolved into an action for lien avoidance under § 544(a)(3)[3] which states as follows:

§ 544. Trustee as lien creditor and as successor to certain creditors and purchasers

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

2. The agreement is among the trustee, Dresher Associates, Randall Maisano Realty, Inc., Susan Randall and Genette Maisano. Dalk is not a party to the agreement, apparently due to the trustee's belief that while he is acting as holder of 100% of its shares, Dalk does not need to be joined.

3. Although Bankruptcy Rule 7001(2) and 7003 provide that an action is commenced by the filing of a complaint, Bankruptcy Rule 1001 states that "[t]hese rules shall be construed to secure the expeditious and economical administration of every case under the Code and the just, speedy, and inexpensive determination of every proceeding therein." Due to the unique development of this action we think it appropriate to treat this as an adversary proceeding.

of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

\* \* \* \* \* \*

(3) a bona fide purchaser of real property from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists.

The trustee asserts that he can avoid Kravolec's mortgage under this provision due to his status as a bona fide purchaser. He contends such a purchaser would not take the property in question subject to the Kralovec mortgage since it was recorded under the name 3364 Corporation rather than Dalk. On the other hand, Kravolec contends that the trustee cannot avoid the mortgage since it was made by Dalk and not the debtor. The trustee counters this by asserting that "ownership of all the stock of a corporation carries with it effective ownership of the corporate assets, including the property of the corporation."

In addressing the subject at hand, a learned treatise on corporate law states the following:

§ 5100. Shares of stock as an interest in corporate property.

It follows as a necessary conclusion from the nature of a share of stock, that, while it represents a proportionate interest or aliquot part in the capital stock, property and assets of the corporation, and this is equally true of no-par value stock, the value of which is measured by, and corresponds proportionately to, the value of the corporate capital, property and assets, the owner thereof does not, in any strict legal sense, own any part of the corporate capital and has not the legal title to, and is not the owner, or entitled to the possession of, any portion of its property or assets.

11 W. Fletcher, *Cyclopedia of the Law of Private Corporations,* § 5100, at 79 (rev. perm. ed. 1971). This principle has been adopted in Pennsylvania as indicated by *Barium Steel Corp. v. Wiley,* 379 Pa. 38, 47, 108 A.2d 336, 341 (1954) which states as follows:

It is well established that a corporation is a distinct and separate entity, irrespective of the persons who own all its stock. The fact that one person owns all of the stock does not make him and the corporation one and the same person, nor does he thereby become the owner of all the property of the corporation. The shares of stock of a corporation are essentially distinct and different from the corporate property [.]

*Id.; See also Glazer v. Cambridge Industries, Inc.,* 281 Pa.Super. 621, 625, 422 A.2d 642, 644 (1980). Since the ownership of the stock differs from the ownership of the property of a corporation, the property at issue is held by Dalk and not by FAMCO. Consequently, the trustee cannot avoid a mortgage under § 544(a)(3) on property which is owned by an entity other than the debtor. *In Re Minton Group, Inc.,* 27 B.R. 385 (Bkrtcy.S.D.N.Y.1983). Accordingly, we will sustain Kralovec's objection to the agreement. This result makes it unnecessary for us to address Kralovec's other grounds of objection.