509 A.2d 332

**Gloria ROSS, Appellant,**

v.

**Robert BOWLBY.**

Superior Court of Pennsylvania.

Submitted Nov. 25, 1985.

Filed April 21, 1986.

James M. Jacobs, Assistant District Attorney, Somerset, for appellant.

James A. Kudasik, Somerset, for appellee.

Before CIRILLO, BECK and WATKINS, JJ.

WATKINS, Senior Judge:

This is an appeal from an Order entered June 20, 1985, in the Court of Common Pleas of Somerset County sustaining appellee, Robert Bowlby's preliminary objections and confirming a Maryland judgment dismissing the case.

Leslie, J. Ross was born June 11, 1971, to appellant, Gloria Ross. Appellant initially received welfare payments for the support of her daugher from 1971 to 1978. She later went "off" welfare and obtained employment.

On May 6, 1976, appellant filed a support action against the appellee, Robert Bowlby. This action was filed at the request of the Pennsylvania Department of Welfare and was transferred by a Revised Uniform Reciprocal Support Act Petition, RURESA, 42 Pa.C.S.P. § 6741, et seq. to Prince Georges County, Maryland, where appellee was thought to be living. The action was transferred to Howard County, Maryland, on March 9, 1977. The Howard County Court issued an Order upon the appellee on May 31, 1977 to show cause why he should not be required to support the child. Appellee filed an answer averring that he was not the father of the child, had never acknowledged paternity nor contributed to the maintenance of the child. He also filed for summary judgment based on Maryland's two-year Statute of Limitations in paternity actions. Maryland Code, Article 16, § 66(e). On October 5, 1977, the Howard County Maryland Court granted summary judgment for appellee, Robert Bowlby.

Subsequently, the Maryland Court of Appeals held that the Maryland two-year paternity statute of limitations set forth in Article 16, Section 66 of the Maryland Code unconstitutional on August 4, 1983. See *Frick v. Maldonado*, 296 Md. 304, 462 A.2d 1206 (1983).

Appellee returned to Somerset County in 1979. Appellant again went "on" welfare in 1984 and the Pennsylvania

Department of Welfare again had her institute action for support against the appellee. This action was filed in the Somerset County Domestic Relations Department on September 24, 1984.

Appellee again denied paternity and filed preliminary objections to the paternity complaint on November 15, 1984. In these objections he contended that the matter was barred by the res judicata effect of the Maryland judgment.

The court below heard argument on the preliminary objections on December 13, 1984. In an opinion dated February 5, 1985, the lower court held that the Maryland decision is res judicata whether or not it was decided on the merits and that a change in the law changing the basis for the decision in the case does not merit a reversal of the judgment in the case. The court continued the hearing on the preliminary objections and scheduled a hearing for April 10, 1985, to allow both parties to present evidence as to their respective equities.

In an Order dated June 20, 1985, the court below sustained the defendant-appellee's preliminary objections and confirmed the Maryland judgment dismissing the case. This appeal followed.

Appellant presents the following questions for our consideration:

1. Did the court below err in holding that the Maryland judgment of dismissal based on Maryland's two year statute of limitations was res judicata?

2. Assuming arguendo that the court below properly gave the Maryland court's decision res judicata effect, did the court below err in not opening judgment based on the equitable grounds raised by appellant?

3. Did the court below err in giving res judicata effect to a judgment based on an unconstitutional statute?

4. Did the court below err in failing to apply 42 Pa.C.S.A. § 5533(b) to the instant case?

The doctrine of res judicata applies to bar subsequent actions where four conditions occur:

1. There is an identity of the thing sued upon;

2. There is an identity of the cause of action;

3. There is an identity between the persons or parties to the action;

4. There is an identity of the quality or capacity of the parties suing or being sued.

Where these four conditions are met, then a final judgment rendered *on the merit* by a court of competent jurisdiction is conclusive to the rights of the parties. See *Lebeau v. Lebeau*, 258 Pa.Superior Ct. 519, 525, 393 A.2d 480, 482 (1978).

By holding that the decision of the Maryland Court based on Maryland's two year statute of limitations is entitled to res judicata effect, the court below is finding as a matter of law that these requisites have been met.

The res judicata effect of decisions rendered on the basis of Statutes of Limitations was dealt with in *Commonwealth ex rel. Johnson v. King*, 297 Pa.Superior Ct. 431, 444 A.2d 108 (1982). In *Johnson* this Court held that paternity actions filed within six (6) years of the child's birth were not barred by a dismissal based on the two year statute of limitations in effect when the paternity actions were originally filed. The six year Statute of Limitations set out at 42 Pa.C.S.A. 6704, was to be applied to cases arising before the Act's date of passage, April 28, 1978.

The *Johnson* court further observed that "Because a final determination of paternity and/or support was never made, due to the dismissal of both actions, there is no res judicata or collateral estoppel effect ..."

In the case sub judice, like *Johnson*, there has been no final determination of paternity. The Maryland court's decision to dismiss was based on the Maryland Statute of Limitations. There has been no final judgment rendered on the merits as is required by *Lebeau*, supra, to invoke the doctrine of res judicata.

Thus, the court below erred when it held that the decision of the Howard County, Maryland Court should be given res judicata effect.

Considering our disposition of this appeal, we do not reach the merits of appellant's remaining claims.

Order reversed and the case is remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.