## Jones v. Keystone Insurance Company

*Richard C. Angino*, for plaintiff.
*Jeffrey A. Less*, for defendant.

MORGAN, *J.*, June 18, 1986 — Before the court in this no-fault[1] class action is defendant's motion for summary judgment, which argues that plaintiff waived her cause of action because she failed to join it with a prior action. We agree and will grant defendant's motion.[2]

On August 23, 1977, Michael Seldon was killed in a motor vehicle accident on the Pennsylvania Turnpike in Lancaster County. Apparently Seldon was not covered by any no-fault policy and a claim for basic loss benefits was therefore filed under the assigned claims plan. The claim was assigned to defendant on August 16 and 25, 1978, which paid Seldon's funeral, medical and survivor's benefits. Thereafter plaintiff, decedent's cousin and the ad-

---

1. Pennsylvania No-fault Motor Vehicle Insurance Act (now repealed), Pa. Stat., tit. 40, §1009.

2. Our resolution of this motion moots consideration of plaintiff's counter-motion for summary judgment, plaintiff's motion to compel discovery and impose sanctions, and defendant's motion for a protective order. In any event, these motions would have been denied.

ministratrix of his estate, filed an action against defendant in Philadelphia County seeking payment of uninsured motorist benefits. Nine months later the Pennsylvania Supreme Court handed down its decision in *Tubner v. State Farm Mutual Automobile Insurance Co.*, 496 Pa. 215, 436 A.2d 621 (1981), which held that an insurance company assigned to provide no-fault benefits under the assigned claims plan, section 1009.108, supra, was also required to pay uninsured motorist benefits. The Philadelphia action was thereafter "settled, discontinued and ended," with plaintiff receiving payment of $15,000.

On June 24, 1985, plaintiff brought the present class action in York County seeking payment of overdue work-loss benefits plus interest; she also requested that the court require defendant to search its files for entitled insureds, to pay those insureds' estates the benefits due (with interest), to pay counsel fees, and to pay the required benefits in the future.

On October 7, 1985, defendant filed a petition for a change of venue to Dauphin County. That petition was granted on January 16, 1986, and on March 24, 1986, this court heard argument of defendant's motion for summary judgment.

The standard for filing, reviewing and granting a motion for summary judgment is set forth in Pa.R.C.P. 1035, 42 Pa.C.S. Any party may move for summary judgment upon the close of the pleadings. The judgment sought "shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 1035(b), supra.

In the present case, defendant argues that plaintiff has waived this cause of action by failing to join it in her prior action in Philadelphia. In support, defendant cites Pa.R.Civ.P. 1020(d)(1) and (4), which provide that if a transaction or occurrence "gives rise to more than one cause of action against the same person, including causes of action in the alternative, they shall be joined in separate counts in the action against any such person"; failure to so join "shall be deemed a waiver of that cause of action. . . ."[3]

In *Epstein v. State Farm Mutual Insurance Co.*, 312 Pa. Super. 542, 459 A.2d 354 (1983), appellant sought uninsured motorist benefits from appellee, appealed from the arbitrator's denial of coverage, and then filed an action seeking general and punitive damages for appellee's refusal to provide benefits. The Superior Court, citing rule 1020, upheld the lower court's dismissal of appellant's complaint '[b]ecause both causes of action ar[ose] from the same occurrence, appellant was required by the compulsory joinder provisions of the rules of civil procedure to assert them both in a single action." Id. at 544, 459 A.2d at 355.

The holding in *Epstein* applies to the case presently before us, for the same occurrence — whether it is considered to be Seldon's fatal accident or defendant's assignment as the carrier for the estate — gave rise to both the cause of action for uninsured motorist benefits and the cause of action for work-

---

3. Plaintiff correctly argues that this was not the rule in effect in 1981 when the Philadelphia action was instituted. However, the rule in effect at that time was similar and the subsequent amendment dealt with changes in procedure (the abolition of assumpsit and trespass) and did not alter the substance of the rule.

loss benefits. Plaintiff was therefore required to bring both causes of action together.

We do not find persuasive plaintiff's argument that her prior action was subject to arbitration under the Uninsured Motorist Act, Pa. Stat., tit. 40, §2000, for plaintiff's entitlement to uninsured motorist benefits arose not from that act but from the no-fault act (section 1009.108(b)) and regulations promulgated thereunder (Insurance Department Regulation §§66.1-104(a)). *Tubner v. State Farm Mutual Insurance Co.,* supra. Nor are we persuaded that these were separate, distinct, cumulative causes of action that could not effectively be pursued in the same action. To the contrary, they were factually and procedurally intertwined and could have easily been resolved together. We will not permit plaintiff's failure to do so to work to defendant's prejudice now and will accordingly enter the following[4]

## ORDER

And now, June 18, 1986, defendant's motion for summary judgment is granted.

---

4. Defendant asserts two additional grounds for relief, both of which would be denied. Defendant's *Nye* statute of limitations argument is meritless, given the Superior Court's holding in *Miller v. Federal Kemper Insurance Co.,* 352 Pa. Super. 581, 508 A.2d 1222 (1986) and the actual definition of the *Nye* class. And as there appears to be a distinction in the indentities of the things sued for in this and plaintiff's prior action, the matter is not res judicata.

Plaintiff argues that even if her claim is dismissed, the action should continue and other class members should be given a reasonable time in which to intervene. The Superior Court has specifically rejected such an approach. See *Brunda v. Home Insurance Co.,* 353 Pa. Super. 146, 509 A.2d 377 (1986).