## Wolf v. Farmers Mutual Insurance

*Daniel F. Wolfson,* for plaintiffs.
*David Mills,* for defendant.

KUHN, *J.*, August 12, 1992—On May 30, 1990, plaintiffs, Wayne R. Wolf and Shirley Wolf, filed a two-count complaint against defendant, Farmers Mutual Insurance. The complaint alleges that plaintiffs purchased a contract of insurance from defendant covering their mobile home. That home was destroyed by fire on May 30, 1988. Defendant has denied insurance benefits. In Count I plaintiffs averred that defendant failed to effectuate prompt settlement of the claim; failed to offer explanation for its delay, and alleged that plaintiffs started the fire without presenting proof to support its claim. Plaintiffs allege that they justifiably relied upon the contract of insurance to protect their interests and defendant's refusal to accept their claim was fraudulent, deceitful and a misrepresentation. In Count II plaintiffs alleged that defendant's refusal to pay their claim, act in good faith, or show how plaintiffs were responsible for the fire violated provisions of the Unfair Insurance Practices Act, 40 P.S. §1171.1 et seq. and the Consumer Protection Law, 73 P.S. §201-1 et seq.

Defendant filed preliminary objections in the form of a demurrer to Count I and the defense of the pendency of a prior action. The pending action was *Wayne R. Wolf & Shirley Wolf v. Farmers Mutual Insurance,* 89-S-163. By order dated November 9, 1990, those objections were denied and this matter was consolidated with the case docketed at 89-S-163.

Defendant filed its answer with new matter on November 28, 1990. Paragraph 49 of new matter averred that the case docketed at 89-S-163 is a 'waiver' of plaintiffs claim.

Subsequently defendant filed a motion for judgment on the pleadings wherein it requested that the instant action be dismissed because of plaintiffs' alleged failure to comply with Pa.R.C.P. 1020(d)(1) and (4) by joining these causes of action in the complaint filed at 89-S-163. Plaintiffs reply that defendant waived this issue by failing to raise it in its preliminary objections and nevertheless, once the cases have been consolidated, the issue is moot.

Pa.R.C.P. 1020 provides, in pertinent part:

"(d)(1) If a transaction or occurrence gives rise to more than one cause of action against the same person, including causes of action in the alternative, they shall be joined in separate counts in the action against any such person....

"(4) Failure to join a cause of action as required by subdivision (d)(1) of this Rule shall be deemed a waiver of that cause of action as against all parties to the action."

Application of this Rule is mandatory: *Hineline v. Stroudsburg Electric Supply Co. Inc.,* 402 Pa. Super. 178, 586 A.2d 455 (1991), *alloc. denied,* 598 A.2d 284 (1991). Although applying the pre-1983 version of Rule 1020, we find the instant case to be governed by the Superior Court decision in *Epstern v. State Farm Mutual Insurance Co.,* 312 Pa. Super. 542, 459 A.2d 354 (1983).

There plaintiff filed a claim with an insurance carrier to recover uninsured motorist benefits for injuries he received in a motor vehicle accident. After initial rejection of the claim by an arbitration panel, plaintiff filed a tort action against the same carrier for its refusal to pay the benefits. Dismissal of the second action on the basis of Rule 1020 was affirmed on appeal.

Likewise, in the case sub judice plaintiffs filed its initial claim in assumpsit to receive benefits under the insurance contract. The second suit sounds in tort for wrongful refusal to pay the benefits. Both claims arise out of the 'same transaction or occurrence' as that term has been defined in *Hineline v. Stroudsburg Electric Supply Co. Inc., supra.* Both complaints involve the common factual background of the fire, the cause of the fire, and the refusal to pay benefits. The only difference is the legal theories being advanced.

Therefore, at first glance it would appear that Rule 1020 is applicable and plaintiffs should be held to have waived the causes of action raised in the instant complaint. However, here we are faced with an interesting complexity. Defendant never raised the waiver defense set forth in Pa.R.C.P. 1020(d)(4) when it filed its preliminary objections. Not until after the two cases were consolidated by the court did defendant raise the defense. We have found no cases which answer whether defendant has waived the defense for failure to raise it in preliminary objections, Pa.R.C.P. 1028(b), or whether it is more properly raised as an affirmative defense in new matter. Pa.R.C.P. 1030.

We elect to avoid determining the proper pleading format at this time and hold that under the particular circumstances of this case dismissal should not be directed. *Hineline v. Stroudsburg Electric Supply Co. Inc.*, noted that:

"Rule 1020(d) is to 'be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding' to which it is applicable. Pa.R.C.P. 126. The purpose of Rule 1020(d) is to avoid multiplicity of suits, thereby ensuring the prompt disposition of all rights and liabilities of the parties in a single suit." 402 Pa. Super. at 181-2, 586 A.2d at 456.

Having consolidated these actions, Pa.R.C.P. 213, before defendant raised Rule 1020 this court would not be ignoring the purpose of the Rule by allowing all causes to continue as part of one consolidated proceeding. Disposition will proceed just as efficiently. Discovery will involve the same information. The only complication may be the applicability to the instant causes of action of the ruling entered earlier in 89-S-163 that Wayne Wolf is deemed to have admitted starting the fire. That issue will not affect our decision to deny the motion for judgment on the pleadings.

Accordingly, the attached order is entered.

## ORDER OF COURT

And now, August 12, 1992, defendant's motion for judgment on the pleadings is denied.