NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 13-1987
_____

RICHARD POLLOCK, an adult individual;
CHERYL POLLOCK, an adult individual;
PAUL L. KUTCHER, an adult individual;
CYNTHIA P. KUTCHER, an adult individual,

Appellants

v.

NATIONAL FOOTBALL LEAGUE;
DALLAS COWBOYS FOOTBALL CLUB, LTD.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-12-cv-00130)
District Judge:  Honorable David S. Cercone

Submitted Under Third Circuit LAR 34.1(a)
November 13, 2013

BEFORE:  HARDIMAN, SCIRICA, and NYGAARD, *Circuit Judges*

(Filed:  February 10, 2014)

_____

OPINION OF THE COURT
_____

NYGAARD, *Circuit Judge*

Appellants, Richard Pollock, Cheryl Pollack, Paul Kutcher and Cynthia Kutcher challenge the District Court's order dismissing all of their claims against the National Football League and the Dallas Cowboys Football Club, LTD. Appellants assert that they properly pleaded tort, statutory fraud and punitive damage claims that meet the threshold requirements for diversity jurisdiction. We will affirm the District Court's order granting motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

As this opinion lacks any precedential value, we write only for the benefit of the parties whose familiarity with the case obviates the need for a full recitation of the facts and procedural history. We exercise plenary review, regarding all well-pleaded facts as true and interpreting them in a light most favorable to the plaintiffs to determine whether the claims are factually plausible. *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (en banc).

Appellants have exercised a great deal of creativity in construing their claims as sounding in tort and statutory fraud. Yet, the inescapable fact is that the entire suit is grounded in their purchase of tickets, commonly regarded as revocable licenses, to a sporting event.[1] The tickets created all of the obligations and duties owed by the National

---

[1] The National Football League concedes that the tickets were valid contracts and that it did not provide Appellants with the seats referenced on their tickets.

2

Football League to the Appellants (as assignees of Pittsburgh Steelers Sports, Inc.).[2] The essence of the suit is that Appellants suffered damages because the National Football League did not fulfill its obligation to give them access to particular seats during the 2011 Super Bowl game, as specified on their tickets. The contracts are inseparable from their claims.

We conclude that, in spite of Appellants' efforts to express their claims as negligent misrepresentation against the National Football League and the Dallas Cowboys Football Club, LTD., these disputes sound in contract. Moreover, their contention that the National Football League engaged in fraudulent misrepresentation and fraudulent inducement are based upon, essentially, the same acts as the negligence counts, and their assertions of injury and pleas for relief inextricably arise from the alleged breach of the contracts at issue. The District Court ruled that Appellants had a remedy in contract law for any actual and consequential monetary losses. We agree. The District Court properly dismissed all of these claims.

Our analysis is the same for their assertion that the National Football League violated Pennsylvania's Unfair Trade Practices and Consumer Protection Law. 73 Pa. Stat. § 201-1 to -9.3. The cause is entwined in the contracts between the parties, which, in turn, are the bases for any entitlement to damages. Cloaking the claim as statutory fraud does not alter our conclusion that the District Court did not err by dismissing it.

_____

[2] There is no evidence that the Dallas Cowboys Football Club, LTD., had any part in the sale of the tickets to Appellants. Accordingly, there is no basis to claim that they breached any duties owed to the Appellants arising from the tickets.

Finally, without any legitimate basis to assert punitive damages, attorney's fees, treble damages, or additional compensation for losing a "once in a lifetime opportunity" to view the sporting event from their promised seats, the pleadings do not provide any reasonable means for each Appellant to plead contractual damages that meet the jurisdictional threshold. 28 U.S.C. § 1332(a). The District Court appropriately assessed Appellants' losses to be far below the statutory minimum and this reasonably grounded its decision to dismiss.

Accordingly, for all of these reasons, we conclude that the District Court did not err by granting Appellees' motions to dismiss for failure to state a claim, and for lack of jurisdiction.