J-A07044-17

2017 PA Super 192

| | | |
|---|---|---|
| RICHARD POLLOCK, AN ADULT INDIVIDUAL, CHERYL POLLOCK, AN ADULT INDIVIDUAL, PAUL L. KUTCHER, AN ADULT INDIVIDUAL, AND CYNTHIA P. KUTCHER, AN ADULT INDIVIDUAL, | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : | |
| v. | : : : | |
| NATIONAL FOOTBALL LEAGUE AND DALLAS COWBOYS FOOTBALL CLUB, LTD. | : : : | No. 1611 WDA 2016 |

Appeal from the Order Entered September 27, 2016
in the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD-14-004867

BEFORE:   OLSON, STABILE, and STRASSBURGER,* JJ.

OPINION BY STRASSBURGER, J.:   **FILED JUNE 21, 2017**

Richard Pollock, Cheryl Pollock, Paul L. Kutcher, and Cynthia P. Kutcher (Plaintiffs, collectively) appeal from the September 27, 2016 order that denied Plaintiffs' motion for leave to file a second amended complaint against the National Football League (the NFL).[1]  We affirm.

The trial court summarized the history of the case as follows.

Plaintiffs are four ticketholders for Super Bowl XLV held in Arlington, Texas, on February 6, 2011.  Plaintiffs were among the group of ticketholders who were unable to watch the game from the seats designated on their tickets because these were temporary seats not approved by safety authorities in time for

---

[1] The order also granted Plaintiffs' request to discontinue their claims against the Dallas Cowboys Football Club, Ltd.  Hence, although quotations in this memorandum reference "defendants" in this action, the NFL is the only defendant involved in this appeal.

*Retired Senior Judge assigned to the Superior Court.

use at the game. No adequate seats were offered to Plaintiffs. This lawsuit arises out of Plaintiffs' being denied access to the seats designated on the tickets and defendants' failure to advise Plaintiffs when they purchased the tickets that they would be receiving temporary seats that did not yet exist and that there was no guarantee that an occupancy permit would be issued by the City of Arlington for these seats prior to the game.

Initially, this lawsuit was commenced in proceedings at *Pollock v. National Football League and Dallas Cowboys Football Club, Ltd.*, [2013 WL 1102823 (W.D.Pa. March 15, 2013),] filed in the United States District Court for the Western District of Pennsylvania (2:12-cv-130). The initial complaint raised tort claims, including claims based upon the [Unfair Trade Practices and] Consumer Protection Law [(UTPCPL), which allows recovery of treble damages, costs, and attorney fees, 73 P.S. § 201-9.2(a)]. In the initial complaint, Plaintiffs also alleged that their Super Bowl tickets constituted valid, enforceable contracts against the NFL and asserted a claim for a breach of contract based on the NFL's failure to provide the seats designated on the face of the tickets.

Defendants filed a motion to dismiss all of Plaintiffs' tort claims under the Pennsylvania economic loss/gist of the action doctrines. In response to this motion, Plaintiffs amended their complaint to abandon their claim for breach of contract while reasserting their tort claims arising out of the NFL's failure to provide the seating reflected by the tickets. Defendants then filed a motion to dismiss in which defendants contended that all of plaintiffs' claims in their amended complaint (which no longer included breach of contract claims) were barred by the gist of the action/economic loss doctrine notwithstanding Plaintiffs' decision not [to] reassert a breach of contract claim. The district court agreed.

At page 6 of a memorandum order dated March 15, 2013, the district court ruled: "Plaintiffs' claims for negligent misrepresentation (Count II and III) are barred by the gist of the action doctrine because the tort claims are nothing more than a breach of the contractual obligations created by the purchase of the Super Bowl tickets." At page 11, the court ruled: "Plaintiffs' [UTPCPL] and fraudulent inducement claims are barred by the gist of the action doctrine." The court also stated at page 11

that the economic loss doctrine prohibits Plaintiffs from recovering in tort economic losses to which their entitlement flows only from contract.[2]

Defendants also moved for dismissal of the entire action because of Plaintiffs' failure to satisfy the amount in controversy requirement, and the district court ruled that the action must be dismissed for want of jurisdiction given the lack of viable claims to support awards for punitive damages, attorney fees, and triple damages. On appeal, the [Third Circuit] court of appeals agreed that the district court did not err in granting defendants' motion to dismiss for failure to state a claim and defendants' motion to dismiss for lack of jurisdiction. [**Pollock v. Nat'l Football League**, 553 F. App'x 270 (3rd Cir. 2014).]

Trial Court Opinion, 9/27/2016, at 1-2 (some capitalization altered).

---

[2] "The gist of the action doctrine prohibits a plaintiff from re-casting ordinary breach of contract claims into tort claims." **B.G. Balmer & Co. v. Frank Crystal & Co., Inc.**, 148 A.3d 454, 468 (Pa. Super. 2016), *appeal denied*, No. 725 MAL 2016, 2017 WL 1015542 (Pa. Mar. 14, 2017).

Under Pennsylvania law, a cause of action framed as a tort but reliant upon contractual obligations will be analyzed to determine whether the cause of action properly lies in tort or contract. In general, courts are cautious about permitting tort recovery based on contractual breaches. In keeping with this principle, this Court has recognized the gist of the action doctrine, which operates to preclude a plaintiff from re-casting ordinary breach of contract claims into tort claims. Where fraud claims are intertwined with breach of contract claims and the duties allegedly breached are created and grounded in the contract itself, the gist of the action is breach of contract. Thus, claims of fraud in the **performance** of a contract are generally barred under the gist of the action doctrine.

**Autochoice Unlimited, Inc. v. Avangard Auto Fin., Inc.**, 9 A.3d 1207, 1212 (Pa. Super. 2010) (citation and quotation marks omitted; emphasis in original). Similarly, "Pennsylvania law generally bars claims brought in negligence that result solely in economic loss." **Gongloff Contracting, L.L.C. v. L. Robert Kimball & Assocs., Architects & Engineers, Inc.**, 119 A.3d 1070, 1076 (Pa. Super. 2015).

On March 20, 2014, Plaintiffs transferred the action from federal to state court pursuant to 42 Pa.C.S. § 5103. More than two years passed with no docket activity until Plaintiffs filed a motion for leave to file a second amended complaint. The proposed complaint included three counts: (1) fraudulent or negligent inducement, (2) violation of the UTPCPL, and (3) breach of contract. Motion, 4/4/2016, at Exhibit A. The NFL opposed the motion, claiming that the tort claims were barred by the doctrines of *res judicata* and collateral estoppel, and that the contract claim was barred by the statute of limitations. Brief in Opposition, 5/17/2016, at 6-13. The trial court denied Plaintiffs' motion by memorandum and order of September 27, 2016. Plaintiffs thereafter timely filed a notice of appeal.

Plaintiffs present the following questions for this Court's review.

> 1. Whether a federal district court order, dismissing [Plaintiffs'] tort claims under Fed.R.Civ.P. 12(b)(6) and dismissing the federal court action for want of subject matter jurisdiction and without prejudice to Plaintiffs['] refiling the action in state court as authorized by 42 Pa.C.S. § 5103(b), prohibits [Plaintiffs] from re-filing tort actions and an action for violation of the [UTPCPL] against [the] NFL in state court based on *res judicata* or collateral estoppel principles?

> 2. Whether 42 Pa.C.S. § 5103(b) preserves [Plaintiffs'] right to raise the tort claims, claim for violation of the UTPCPL and breach of contract claim against [the] NFL alleged in [Plaintiffs'] proposed second amended complaint after [Plaintiffs'] action has been dismissed by a federal district court for want of subject matter jurisdiction and without prejudice to Plaintiffs refiling the action in state court as authorized by 42 Pa.C.S. § 5103(b)?

3.    Whether 42 Pa.C.S. § 5103 is unconstitutionally vague and ambiguous?

4.    In the alternative, whether the averments stated in [Plaintiffs'] proposed second amended complaint merely amplify those stated in [their] first amended complaint so as to permit [them] to plead a breach of contract action in [the] proposed second amended complaint?

Plaintiffs' Brief at 3-4 (trial court answers omitted; some capitalization altered).

We begin our consideration of Plaintiffs' questions with our standard of review.

> Our standard of review of a trial court's order denying a plaintiff leave to amend its complaint ... permits us to overturn the order only if the trial court erred as a matter of law or abused its discretion.  The trial court enjoys broad discretion to grant or deny a petition to amend.  Although the court generally should exercise its discretion to permit amendment, where a party will be unable to state a claim on which relief could be granted, leave to amend should be denied.

***Schwarzwaelder v. Fox***, 895 A.2d 614, 621 (Pa. Super. 2006) (citations and quotation marks omitted).

Here, the trial court denied Plaintiffs leave to amend their complaint to plead the tort claims stated in counts I and II of Plaintiffs' proposed second amended complaint because it held that those claims were barred by *res judicata* and/or collateral estoppel.  Trial Court Opinion, 9/27/2016, at 3.  Plaintiffs argue that the trial court's ruling is contrary to 42 Pa.C.S. § 5103.

Section 5103 provides as follows, in relevant part.

**(a) General rule.**--[] A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

**(b) Federal cases.**--

(1) Subsection (a) shall also apply to any matter transferred or remanded by any United States court for a district embracing any part of this Commonwealth.  In order to preserve a claim under Chapter 55 (relating to limitation of time), a litigant who timely commences an action or proceeding in any United States court for a district embracing any part of this Commonwealth is not required to commence a protective action in a court or before a magisterial district judge of this Commonwealth. Where a matter is filed in any United States court for a district embracing any part of this Commonwealth and the matter is dismissed by the United States court for lack of jurisdiction, any litigant in the matter filed may transfer the matter to a court or magisterial district of this Commonwealth by complying with the [requisite] transfer provisions....[3]

42 Pa.C.S. § 5103.

As Plaintiffs properly note, the "policy behind 42 Pa.C.S. § 5103 is to preserve a claim or cause of action timely filed in federal court on the ground that the claimant should **not lose the opportunity to litigate the merits of the claim simply because the claimant erred regarding federal jurisdiction**."  Plaintiffs' Brief at 23 (emphasis added) (citing

---

[3] Plaintiffs' compliance with the transfer provisions of the statute is not disputed.

*Commonwealth v. Lambert*, 765 A.2d 306, 320 (Pa. Super. 2000)). However, Plaintiffs go on to contend that this statute preserved their right to litigate their tort claims in state court after the federal court dismissed the complaint for lack of jurisdiction. *Id.* at 25. This latter contention ignores the fact that the federal court's rulings were based upon the merits of the tort claims.

Plaintiffs stated both tort and contract claims in their initial complaint filed in federal court. *Pollock*, 2013 WL 1102823, at *2. After the NFL moved to dismiss the tort claims under the gist-of-the-action and economic loss doctrines, Plaintiffs amended their complaint to state only tort claims, and expressly disavowed that they had any contractual relationship with the NFL. *Id.* The NFL sought to have Plaintiffs' amended complaint dismissed based upon the gist of the action sounding in contract. *Id.* The district court agreed with the NFL:

> Here, the parties' obligations arise solely from [P]laintiff[s'] purchase and the NFL's sales of the Super Bowl tickets. Any duties imposed on defendants were created as a result of those transactions. And the alleged breach was the failure to provide the very essence of what the parties' contract obligated defendants to provide: admission to and a spectator seat for the game. The asserted breach gives rise to liability grounded in the contract and [P]laintiffs' damages result from defendants' failure to provide what was promised by sales of the tickets.

*Id.* at *5. *See also id.* at *7 ("[P]laintiffs' intentional fraud claims are barred by the economic loss doctrine.").

Having determined that Plaintiffs failed to state viable tort claims, the district court considered whether Plaintiffs could recover "under any viable theory" the requisite $75,000 necessary to satisfy the threshold for diversity jurisdiction in federal court under 28 U.S.C. § 1332. *Id.* at *9. The district court examined the amounts of economic losses sustained by Plaintiffs and found that the allegations amounted to "actual losses of $2,384.50 each for the Pollocks and $954.21 for each of the Kutchers." *Id.* Thus, rather than allowing Plaintiffs to amend the complaint to raise the contract claims that were supported by the facts alleged, the district court dismissed the action for lack of jurisdiction. *Id.* The order effectuating the dismissal indicated that it was without prejudice for Plaintiffs to refile the action in state court under section 5103. *Id.* at *1.

Plaintiffs unsuccessfully appealed the district court's decision. The Third Circuit Court of Appeals held as follows.

> [Plaintiffs] have exercised a great deal of creativity in construing their claims as sounding in tort and statutory fraud. Yet, the inescapable fact is that the entire suit is grounded in their purchase of tickets, commonly regarded as revocable licenses, to a sporting event. The tickets created all of the obligations and duties owed by the [NFL] to [Plaintiffs].... The essence of the suit is that [Plaintiffs] suffered damages because the [NFL] did not fulfill its obligation to give them access to particular seats during the 2011 Super Bowl game, as specified on their tickets. The contracts are inseparable from their claims.
>
> We conclude that, in spite of [Plaintiffs'] efforts to express their claims as negligent misrepresentation against the [NFL]..., these disputes sound in contract. Moreover, their contention that the [NFL] engaged in fraudulent misrepresentation and

- 8 -

fraudulent inducement are based upon, essentially, the same acts as the negligence counts, and their assertions of injury and pleas for relief inextricably arise from the alleged breach of the contracts at issue. The district court ruled that [Plaintiffs] had a remedy in contract law for any actual and consequential monetary losses. We agree. The district court properly dismissed all of these claims.

* * *

Finally, without any legitimate basis to assert punitive damages, attorney's fees, treble damages, or additional compensation for losing a "once in a lifetime opportunity" to view the sporting event from their promised seats, the pleadings do not provide any reasonable means for each [Plaintiff] to plead contractual damages that meet the jurisdictional threshold. 28 U.S.C. § 1332(a). The district court appropriately assessed [Plaintiffs'] losses to be far below the statutory minimum and this reasonably grounded its decision to dismiss.

**Pollock**, 553 F. App'x at 270-71 (footnotes and unnecessary capitalization omitted).

From the above it is abundantly clear that Plaintiffs fully litigated their tort claims in federal court and lost, not because the federal court determined that it lacked jurisdiction over the tort claims, but because those claims were not viable on their merits. As Plaintiffs' tort claims were not dismissed because they filed them in the wrong court, section 5103 did not preserve those claims for litigation in state court.[4]

_____

[4] **See**, **e.g.**, **Lambert**, 765 A.2d at 320 ("Section 5103 allows the federal court to transfer an erroneously filed case to the Court of Common Pleas, rather than dismissing it outright. The stated policy behind this section is to preserve a claim or cause of action timely filed in federal court on the ground that the claimant should not lose her opportunity to litigate the merits of the claim simply because she erred regarding federal jurisdiction.

Rather, after transfer of the action to state court, Plaintiffs' tort claims were barred under the doctrines of *res judicata*, collateral estoppel, and/or law of the case.[5]

> Under the doctrine of *res judicata*, or claim preclusion, a final judgment on the merits by a court of competent jurisdiction will bar any future action on the same cause of action between the parties and their privies. The doctrine therefore forbids further litigation on all matters which might have been raised and decided in the former suit, as well as those which were actually raised therein. Similarly, [t]he doctrine of collateral estoppel or issue preclusion prevents a question of law or an issue of fact that has once been litigated and fully adjudicated in a court of competent jurisdiction from being relitigated in a subsequent suit.

***Mariner Chestnut Partners, L.P. v. Lenfest***, 152 A.3d 265, 286 (Pa. Super. 2016) (internal citations and quotation marks omitted).

While *res judicata* and collateral estoppel apply to bar relitigation of claims or issues in a subsequent action that were subject to a final judgment in a prior action, the law of the case doctrine exists to prevent a party from relitigating claims or issues that have been resolved previously within the

___

Thus, the transfer statute ameliorates the hardship on litigants who inadvertently file their action in the wrong place.") (internal citations and quotation marks omitted).

[5] The NFL argued, and the trial court agreed, that *res judicata* was applicable to Plaintiffs' proposed claims. However, given that this instant action is a continuation of the federal action, rather than a second, subsequent action initiated after the federal action was concluded, it is not clear that the technical requirements of *res judicata* have been met. Therefore, we also consider whether law-of-the-case doctrine supports the trial court's exercise of discretion in ruling upon Plaintiffs' motion to amend. ***Plasticert, Inc. v. Westfield Ins. Co.***, 923 A.2d 489, 492 (Pa. Super. 2007) (noting that this Court may affirm the trial court on any valid basis).

same action, either in a prior appeal or by a judge of coordinate jurisdiction. **Zane v. Friends Hosp.**, 836 A.2d 25, 29 (Pa. 2003) ("Among rules that comprise the law of the case doctrine are that: (1) upon remand for further proceedings, a trial court may not alter the resolution of a legal question previously decided by the appellate court in the matter; (2) upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court; and (3) upon transfer of a matter between trial judges of coordinate jurisdiction, the transferee trial court may not alter the resolution of a legal question previously decided by the transferor trial court." (internal quotation marks and citation omitted)).

All three doctrines are based upon similar policy determinations, including the idea that a party should not get a second bite at the apple when he or she had a full and fair opportunity the first time. **See**, **e.g.**, **Lebeau v. Lebeau**, 393 A.2d 480, 482 (Pa. Super. 1978) ("The policies underlying both [res judicata and collateral estoppel] are the same: to minimize the judicial energy devoted to individual cases, establish certainty and respect for court judgments, and protect the party relying on the prior adjudication from vexatious litigation."); **Plaxton v. Lycoming Cty. Zoning Hearing Bd.**, 986 A.2d 199, 208 (Pa. Cmwlth. 2009) ("Collateral estoppel is based on the policy that a losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on an issue identical in substance to the one he subsequently seeks to raise.") (citation and internal quotation

- 11 -

marks omitted); ***Commonwealth v. Gacobano***, 65 A.3d 416, 419–20 (Pa. Super. 2013) ("The various rules which make up the law of the case doctrine serve not only to promote the goal of judicial economy ... but also operate (1) to protect the settled expectations of the parties; (2) to insure uniformity of decisions; (3) to maintain consistency during the course of a single case; (4) to effectuate the proper and streamlined administration of justice; and (5) to bring litigation to an end.").

Pursuant to the policies underlying the doctrines of *res judicata*, collateral estoppel, and law of the case, Plaintiffs should not now be entitled to a second chance to litigate their tort claims before a different tribunal. Therefore, we hold that the trial court did not abuse its discretion in denying Plaintiffs' leave to reassert their tort claims in their second amended complaint.[6]

Having determined that the trial court did not err in refusing to allow Plaintiffs to relitigate their tort claims, we consider whether the trial court abused its discretion in denying Plaintiffs leave to amend their complaint to state contract claims. As noted, the federal court dismissed Plaintiffs' action without prejudice for them to seek a remedy in state court for the NFL's

---

[6] Our decision is not altered by the fact that the federal court dismissed the action without prejudice for Plaintiffs to transfer the case to state court. It is clear from the federal court opinions that the "without prejudice" language referred to contract recovery, not the tort claims. ***See***, ***e.g.***, ***Pollock***, 553 F. App'x at 271 ("[T]he pleadings do not provide any reasonable means for each [Plaintiff] to plead contractual damages that meet the jurisdictional threshold.").

breach of its contracts with Plaintiffs. However, the trial court ruled that the statute of limitations barred the breach of contract claims. Trial Court Opinion, 9/27/2016, at 4.

Plaintiffs contend that they are entitled to relief from this Court under one of the following theories: (1) the statute of limitations does not bar the contract claims by virtue of the application of section 5103 because they pled them in their original complaint in federal court, Plaintiffs' Brief at 26; or, in the alternative, (2) the addition of contract claims merely amplifies the timely-filed allegations, *id.* at 33-34.

We disagree. Plaintiffs abandoned their contract claims in federal court by filing an amended complaint omitting the contract claims. *Hionis v. Concord Twp.*, 973 A.2d 1030, 1036 (Pa. Cmwlth. 2009) (citing *Freeze v. Donegal Mut. Ins. Co.*, 470 A.2d 958, 960 n.5 (Pa. 1983)) ("An amended complaint has the effect of eliminating the prior complaint."). Thus, there was no contract claim pending when the federal court dismissed the action for lack of jurisdiction and Plaintiffs transferred the action from federal court to state court in March 2014. Plaintiffs consciously chose to forego their contract claims in pursuit of higher-damage tort claims; they did not lose the chance to seek a remedy for breach of contract "simply because [they] erred regarding federal jurisdiction." *Lambert*, 765 A.2d at 320. As such, no contract claim transferred to state court when Plaintiffs effectuated the transfer through section 5103.

The import of section 5103 to this case is that Plaintiffs' original complaint and amended complaint must be treated as if the action had been litigated in state court from day one. Under section 5103, no claims stated in the complaint but dismissed for lack of jurisdiction are barred by the statute of limitations. In other words, Plaintiffs' motion for leave to file a second amended complaint is subject to the same analysis as it would have been had Plaintiffs filed the original complaint in the Allegheny County Court of Common Pleas in February 2012, filed the amended complaint there in June 2012 omitting the contract claims, and then sought to file another amended complaint in April 2016, well beyond four years after Superbowl XLV.

Leave to amend a complaint is to be liberally granted; however, "amendment is not permitted to present a new cause of action where the statute of limitations has expired." *Blackwood, Inc. v. Reading Blue Mountain & N. R. Co.*, 147 A.3d 594, 598 (Pa. Super. 2016). "An amendment states a new cause of action where the amendment rests on a different legal theory, basis for recovery or relationship between the parties than did the original pleading." *Am. Motorists Ins. Co. v. Farmers Bank & Trust Co. of Hanover*, 644 A.2d 1232, 1235 (Pa. Super. 1994).

It is beyond cavil that breach of contract is a different legal theory than a tort claim. *See*, *e.g.*, *B.G. Balmer & Co*, 148 A.3d at 469 ("The critical conceptual distinction between a breach of contract claim and a tort

claim is that the former arises out of breaches of duties imposed by mutual consensus agreements between particular individuals, while the latter arises out of breaches of duties imposed by law as a matter of social policy.").  It is also clear that the facts pled in Plaintiffs' amended complaint filed in federal court supported a breach of contract claim.  Based upon this, Plaintiffs argue that "it would be disingenuous for [the] NFL to claim the averments stated in the last pleading filed in the federal court action … were insufficient to place them on notice of the existence of the claim or that they would somehow be prejudiced" by Plaintiffs' pursuing the contract claim proposed in the second amended complaint.  Plaintiffs' Brief at 31 n.5.

What this Court finds disingenuous is Plaintiffs' arguing that the NFL should have expected to defend a claim for breach of contract after Plaintiffs represented over and over again, in at least ten different filings in the federal district and appellate courts, that there was no contractual relationship between Plaintiffs and the NFL, that the operative complaint stated no allegations of a contract, and that it would be impossible for Plaintiffs to state any contract claim.  **See** Trial Court Opinion, 9/27/2016, at Attachment 1 (quoting four pages of Plaintiffs' denials of a contract with the NFL).  Plaintiffs had ample opportunity to seek recovery from the NFL for its failure to deliver the seats it agreed to provide to Plaintiffs.  They chose and persisted in pursuing an unviable path for recovery, and ultimately waited too long to follow the proper one.

J-A07044-17

Upon this record, we conclude that the trial court acted within its discretion in denying Plaintiffs' leave to amend their complaint to state a breach of contract claim.[7]

Order affirmed.

---

[7] As an alternative argument, Plaintiffs contend that 42 Pa.C.S. § 5103 is unconstitutionally vague in that it fails "to give fair notice of what a litigant must do" to avoid the bar of the statute of limitations on cases transferred from federal court. Plaintiffs' Brief at 32. Because the record does not indicate that Plaintiffs notified the attorney general of their constitutional challenge to the statute as required by Pa.R.C.P. 235 and Pa.R.A.P. 521(a), the claim is waived. *See*, *e.g.*, *In re A.H.*, 763 A.2d 873, 880 (Pa. Super. 2000). Plaintiffs argue that notice to the Attorney General was not required because theirs is an as-applied rather than a facial challenge to the constitutionality of the statute. Plaintiffs' Reply Brief at 15-16. Even if we were convinced that that is an accurate portrayal of Plaintiffs' challenge, we would still find waiver. Plaintiffs' argument regarding the constitutionality of section 5103 is woefully underdeveloped, failing to offer any discussion of the applicable constitutional standards, let alone citation to compelling authority to overcome the "strong presumption in the law that legislative enactments do not violate the Constitution." *Commonwealth v. Packer*, 798 A.2d 192, 199-200 (Pa. 2002). *See also Wirth v. Commonwealth*, 95 A.3d 822, 837 (Pa. 2014) (holding claim was waived for underdevelopment).

Moreover, Plaintiffs' claim is patently meritless. Section 5103 operated to give Plaintiffs precisely what its language indicated: treatment of the action as if it had been filed in state court initially. Had Plaintiffs sought to amend their complaint to state contract claims at the time the case was transferred to state court, or at any time before February 2015, the statute of limitations would not have expired. *See* 42 Pa.C.S. § 5525(a) (providing a four-year statute of limitations for actions upon a contract). However, Plaintiffs waited more than two years after the transfer before they sought leave in April 2016 to add a contract claim. It was not any ambiguity in section 5103 that deprived Plaintiffs of their right to pursue a remedy in contract; rather, it was a lack of diligence in observing the deadline imposed by the statute of limitations. That lack of diligence would have led to the same result had the entirety of the litigation of the case taken place in state court.

- 16 -

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary


Date: 6/21/2017