J-S85034-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| WILLIAM PARKER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BARRY JOHNSON D/B/A FAB 5 ENTERTAINMENT, LLC | |
| Appellant | No. 1068 WDA 2017 |

Appeal from the Order June 30, 2017
In the Court of Common Pleas of Allegheny County
Civil Division at No: GD 15-009524

BEFORE:  BOWES, PANELLA, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    FILED  MAY 31, 2018

Appellant, Barry Johnson d/b/a Fab 5 Entertainment, LLC, appeals from an order denying his motion to strike the judgment against him in the above case.  We affirm.

This is Appellant's second appeal to this Court.  The underlying action began in May 2015, when Appellee, William Parker, sued Appellant for tortious interference with contractual relations with regard to a signed management agreement with a third party recording artist.  Appellee initiated the case by writ of summons.  On June 10 and 11, 2015, the Allegheny County Sheriff attempted without success to serve Appellant with process at his official business address in Pittsburgh.  On March 15, 2016, Appellee reissued the writ of summons, and on the same date, Appellee served Appellant by

personal service in Austin, Texas using the Travis County Constable. Both Appellant and his attorney requested Appellee to file and serve a civil complaint. On May 12, 2016, Appellee filed a complaint and sent a copy to Appellant and his counsel. Appellant did not file an answer to the complaint.

On June 21, 2016, Appellee sent a ten-day notice of intent to enter judgment by default to Appellant's counsel. Six days later, Appellant's counsel demanded that Appellee withdraw his suit. On July 7, 2016, Appellee filed a praecipe for default judgment.

On August 30, 2016, Appellant filed a petition to strike or open judgment. On September 16, 2016, the trial court denied Appellant's petition. On October 13, 2016, Appellant appealed to this Court.

In a memorandum entered on April 20, 2017, this Court affirmed the order denying Appellant's petition. We reasoned:

> In his Petition to Strike the Default Judgment, Appellant claimed that the Judgment against him was void because Appellee did not properly serve him with the Writ of Summons or the Complaint. The trial court rejected this claim, finding that Appell[ant] requested service of the Complaint by email, and in doing so, agreed to service by electronic means pursuant to Pa.R.C.P. No. 205.4(g).

> Dissatisfied by this result, Appellant filed a Notice of Appeal and court-ordered Rule 1925(b) Statement. In his Rule 1925(b) Statement, Appellant challenged the trial court's conclusion with respect to Appellant's Pa.R.C.P. No., 402 service of process, and, for the first time, raised a challenge to the propriety of Appellee's Rule 237.1 Notice of Intent to Enter Default Judgment. In his Brief to this Court, Appellant has abandoned his claim of error regarding Rule 402 service of process; instead he argues only that the court erred in finding that Appellee provided him with 237.1 Notice prior to filing a Praecipe to Enter Default Judgment.

> Because Appellant raised this issue for the first time in his Rule 1925(b) statement, it is waived. Appellant is, thus, not entitled to relief.

Parker v. Johnson, 1564 WDA 2017, at 4-5 (Pa. Super., Apr. 20, 2017) ("Parker I") (emphasis in original).

On June 13, 2017, Appellant filed a second petition to strike or open judgment in the trial court. On June 30, 2017, the trial court denied the petition on the basis of res judicata and collateral estoppel. On July 25, 2017, Appellant filed a notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises one issue in this appeal: "Whether the Pa.R.C.P. important notice must be served on a party and any attorney of record for the prothonotary to have the power to enter a default judgment?" Appellant's Brief at 4. This presents us with a question of law for which our standard of review is de novo and our scope of review is plenary. Skonieczny v. Cooper, 37 A.3d 1211, 1213 (Pa. Super. 2012).

In this appeal, Appellant argues that the trial court erred in denying his petition to strike the judgment. He does not contend that the trial court should have opened the judgment. Accordingly, we limit our review to whether the trial court erred in denying Appellant's petition to strike. "A petition to strike a judgment operates as a demurrer to the record, and must be granted whenever some fatal defect appears on the face of the record." First Union Nat. Bank v. Portside Refrigerated Servs., Inc., 827 A.2d 1224, 1227 (Pa.

Super. 2003). "When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a judgment, a court may only look at what was in the record when the judgment was entered." Cintas Corp. v. Lee's Cleaning Servs., Inc., 700 A.2d 915, 917 (Pa. 1997). Importantly, "[a] petition to strike does not involve the discretion of the [trial] court." Id. at 919.

We hold that the trial court properly denied Appellant's second petition to strike, albeit on a different basis than the trial court. Wilson v. Plumstead Tp. Zoning Hearing Bd., 936 A.2d 1061, 1065 n.3 (Pa. 2007) (appellate court "may affirm on any ground").

The trial court incorrectly denied Appellant's second petition to strike on the basis of res judicata and collateral estoppel. These doctrines "apply to bar relitigation of claims or issues in a subsequent action that were subject to a final judgment in a prior action." Pollock v. National Football League, 171 A.3d 773, 781 (Pa. Super. 2017) (emphasis added). Instead, the trial court should have denied Appellant's second petition based on the law of the case doctrine, which "exists to prevent a party from relitigating claims or issues that have been resolved previously within the same action, either in a prior appeal or by a judge of coordinate jurisdiction." Id. (emphasis added). In Appellant's first appeal, we held that he waived his argument that Appellee failed to serve him with a Rule 237.1 ten-day notice of intent to enter a default judgment. Parker I, at 4-5. Since we resolved the ten-day notice issue

against Appellant in Parker I, he cannot raise it again in his second petition to strike (or in this appeal).

Even assuming Appellant could raise this issue again, it is devoid of merit. Nothing on the face of the record at the time of entry of the default judgment indicates that Appellee failed to serve the ten-day notice on Appellant. For these reasons, the trial court properly denied Appellant's second motion to strike judgment.[1]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/31/2018

---

[1] Appellee requests that we sanction Appellant under Pa.R.A.P. 2744 for dilatory conduct in taking this appeal. We decline to impose sanctions, but we warn Appellant that any additional dilatory conduct might warrant sanctions.