J-S24005-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JRW SERVICE GROUP, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NEW AGE DEVELOPMENT GROUP, LLC | : | No. 1 EDA 2022 |

Appeal from the Order Entered November 15, 2021
In the Court of Common Pleas of Chester County Civil Division at No(s):
2019-01830-CT

BEFORE:   PANELLA, P.J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:                **FILED NOVEMBER 4, 2022**

JRW Service Group, LLC ("JRW"), appeals from the order granting the motion to obtain a set-off and to mark the judgment satisfied filed by New Age Development Group, LLC ("New Age"). Importantly, New Age filed its motion after this Court completed direct review in the underlying breach of contract action. We conclude the trial court improperly considered New Age's motion to obtain a set-off, and therefore, we vacate the trial court's order granting the motion.

Initially, we observe that JRW has failed to provide this Court with a complete certified record. The record presently before us contains only those documents filed after the first appeal to this Court; it does not contain the

_____

[*] Retired Senior Judge assigned to the Superior Court.

original complaint or any other materials pertaining to the underlying action. *See Brandon v. Ryder Truck Rental, Inc.*, 34 A.3d 104, 106 n.1 (Pa. Super. 2011) ("It is the responsibility of the appellant to provide a complete record to the appellate court on appeal…." (citation omitted)). Hence, we glean the factual and procedural history of this case from this Court's prior decision. *See JRW Serv. Grp., LLC v. New Age Dev. Grp., LLC*, 256 A.3d 13, 2309 EDA 2020 (Pa. Super. filed May 7, 2021) (unpublished memorandum at 1-3).

Succinctly, in July 2015, New Age was awarded a contract with the United States Navy Engineering Facilities Command ("NAVFAC contract") to complete work on the Philadelphia Naval Business Center. *See id.* (unpublished memorandum at 1). New Age then contracted JRW as a subcontractor to complete a roof survey as well as drain and gutter cleaning. *See id.* (unpublished memorandum at 2). In 2018, New Age terminated the subcontract with JRW, based on a termination clause that was contained only in a proposed subcontract, which JRW had never signed. *See id.* (unpublished memorandum at 3).

JRW initiated a breach of contract suit against New Age in 2019. *See id.* (unpublished memorandum at 3). In its answer and new matter, New Age stated simply that "[JRW]'s claims are barred by the doctrine of set-off and recoupment." *Id.* (citing Answer to Amended Complaint With New Matter, 5/17/13, at ¶ 26) (brackets in original). Ultimately, the trial court entered a verdict in favor of JRW in the amount of $200,389.65. *See id.*

New Age's set-off defense was based on the arbitration award it had received in a dispute based on an unrelated contract between New Age and JRW. *See United States for the Use and Benefit of JRW Serv. Grp., LLC v. New Age Dev. Grp., LLC*, 2020 WL 1330694, No. 18-4063 (E.D. Pa. filed Mar. 23, 2020), adopting the Report and Recommendation of the Magistrate Judge, 2020 WL 1427058, No. 18-cv-4063 (E.D. Pa. filed Feb. 14, 2020). Following arbitration under that contract, a Magistrate Judge awarded New Age a verdict in the amount of $301,476.49.[1] *See id.* The United States District Court for the Eastern District of Pennsylvania adopted the report and recommendation and confirmed the arbitration award. *See id.*[2]

Here, following the award entered in the NAVFAC contract dispute, New Age filed post-trial motions, which the trial court denied. Both parties indicate that New Age filed a post-trial motion asking the trial court to set off its judgment against the larger, and still unsatisfied, judgment entered against JRW in the District Court. *See* Memorandum in Support of Motion to Obtain Set-off and Mark Judgment Satisfied, 10/12/21, at 3; *see also* Concise Statement, 1/6/22, at 1-2 and Exhibit B (Post-Trial Motion). New Age then

---

[1] This amount reflects the net award based on an award of $91,463.57 in favor of JRW and an award of $392,940.06 in favor of New Age.

[2] On May 22, 2020, JRW filed an appeal in the United States Court of Appeals for the Third Circuit. The public docket on the appeal, updated only to May 27, 2021, does not indicate the entry of any disposition.

filed a direct appeal with this Court, again seeking a set-off to the verdict. This Court concluded that New Age raised its set-off defense in the form of a legal conclusion and "offer[ed] no allegation of precisely what charges they would seek to set-off, or provide any explanation of facts that would support a set-off claim." *JRW Serv. Grp.*, 2309 EDA 2020 (unpublished memorandum at 5). Accordingly, we affirmed the $200,389.65 verdict entered in favor of JRW. *See id.*[3]

On October 12, 2021, New Age filed a motion in the trial court to obtain a set-off and mark this judgment satisfied. Therein, New Age requested that the trial court apply the $200,389.65 judgment to the unsatisfied $301,476.49 judgment it obtained against JRW in the District Court. JRW did not file an opposing motion. On November 15, 2021, the trial court granted New Age's motion to obtain a set-off and directed the Prothonotary to mark the judgment satisfied. JRW filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.[4]

---

[3] New Age filed an application for reargument, which this Court denied. New Age did not file a petition for allowance of appeal in the Pennsylvania Supreme Court.

[4] On January 3, 2022, New Age filed an application to quash this appeal, arguing that JRW waived all issues for appeal by failing to file a response to New Age's motion to set-off and mark judgment satisfied. JRW responded that it was not compelled to oppose the motion because the set-off claim was already addressed in the pleadings, post-trial motion, and a direct appeal. This Court subsequently denied the application to quash without prejudice.

On appeal, JRW argues that 1) New Age's motion for set-off is barred by the doctrine of *res judicata*; 2) the motion for set-off is barred by the law of the case doctrine; and 3) the trial court lacked subject matter jurisdiction to grant the relief requested. **See** Appellant's Brief at 6-12.

In contrast, New Age asserts the trial court regained jurisdiction after this Court issued our decision and remanded the record. **See** Appellee's Brief at 11-13. New Age argues in its brief that "[t]his Court remanded this matter to the trial court…." Appellee's Brief at 11.

First, we clarify that New Age's argument conflates two distinct types of remand. We "remand" the record of all appeals after we have disposed of the appeal. **See** Pa.R.A.P. 2572(a)(2); **see also** Pa.R.A.P. 2591(a) ("On remand of the record the court … below shall proceed in accordance with the judgment or other order of the appellate court …."). A remand of a record is merely a ministerial act, which in and of itself does not reflect a legal decision. In contrast, we "remand" an appeal with instructions for the trial court to take some specified action. **See** 42 Pa.C.S.A. § 706 ("An appellate court may affirm, modify, vacate, set aside or reverse any order brought before it for review, and may remand the matter and direct the entry of such appropriate order, or require such further proceedings to be had as may be just under the circumstances."). This type of remand represents a legal decision entered by the Court, and is distinct from a decision to affirm or reverse a trial court ruling.

We begin by observing that, on direct appeal, this Court affirmed the judgment entered in favor of JRW in the amount of $200,389.65. Importantly, we did not remand the case with instructions for the trial court to conduct additional proceedings or to enter a particular order. ***Cf.*** 42 Pa.C.S.A. § 706; Pa.R.A.P. 2591(a). Thereafter, this Court merely remanded the record in accordance with our Rules of Appellate Procedure. ***See*** Pa.R.A.P. 2572(a) ("…the record shall be remanded after the entry of the judgment or other final order of the appellate court possessed of the record."). Accordingly, this Court's decision affirming the judgment in favor of JRW on its breach of contract action and denying New Age's set-off claim was final and binding, and the trial court could not grant New Age's subsequent motion to obtain a set-off. ***See Agostinelli v. Edwards***, 98 A.3d 695, 706 (Pa. Super. 2014) ("It is well-settled that a trial court must strictly comply with the mandate of the appellate court.").

Moreover, the motion to obtain a set-off appears to be an attempt by New Age to rectify the shortcomings of its original pleadings. To permit New Age to, in effect, amend its pleadings to identify the charges it would seek to set-off would give New Age an impermissible "second bite at the apple." ***See generally Pollock v. Nat'l Football League***, 171 A.3d 773, 781 (Pa. Super. 2017) (noting that as a general policy determination, "a party should not get a second bite at the apple when he or she had a full and fair opportunity the first time."). It was therefore improper for the trial court to consider New Age's

motion to obtain set-off and mark the judgment satisfied. ***See*** 17 Standard Pennsylvania Practice 2d § 92:114, Effect of remand order (stating, *inter alia*, that the trial court "has a duty to comply strictly with the appellate court's mandate and has no power to modify, alter, amend, set aside, or in any measure disturb or depart from the judgment of the reviewing court as to any matter decided on appeal." (footnote omitted).

Finally, we note "the set-off or counterclaim and the action must be between the same parties and between them in the same capacity…." ***Dickerson v. Dickersons Overseas Co.***, 85 A.2d 102, 105 (Pa. 1952); ***see also U.S. Bank, N.A. v. Rosenberg***, 581 B.R. 424, 428 (E.D. Pa. 2018) (explaining that under Pennsylvania law, "the party asserting setoff rights must prove the debts between the creditor and debtor are mutual. To be mutual, the debts must be in the same right and between the same parties, standing in the same capacity." (quotation marks and footnotes omitted)). New Age makes no attempt to establish the judgments in the Pennsylvania case and the federal case are between the same parties in the same capacity. Indeed, the caption in the federal case reveals that New Age was joined with an additional defendant, Aegis Security Insurance Company, in the federal action. ***See generally Rosenberg***, 581 B.R. at 429 (judgments were not mutual because an additional party was jointly and severally liable on the judgment entered in a Florida district court but was not part of the

Pennsylvania judgment, and the Florida judgment had been assigned to a trust).

Because we conclude the trial court improperly considered New Age's motion to obtain a set-off and mark judgment satisfied, we vacate the order granting New Age's motion and directing the Prothonotary to mark the judgment satisfied.

Order vacated.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/4/2022