J-A21013-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARY TOMASSETTI, EXECUTRIX | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT J. SUAREZ, JR., CHRISTINE | : | No. 431 EDA 2022 |
| COLLINS SHUBERT, BANKRUPTCY | : | |
| TRUSTEE OF THE BANKRUPTCY | : | |
| ESTATE OF ROBERT J. SUAREZ | : | |

Appeal from the Order Entered January 14, 2022
In the Court of Common Pleas of Philadelphia County Domestic Relations
at No(s): D08068485

BEFORE: LAZARUS, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY LAZARUS, J.:                     **FILED MARCH 28, 2023**

Mary Tomassetti, Executrix of the Will of Patricia Suarez, Deceased ("Executrix"), appeals from the order, entered in the Court of Common Pleas of Philadelphia County, directing her to take certain actions in compliance with prior orders of the trial court related to the disposition of a piece of real property situated at 3725 Ronnald Drive, Philadelphia ("Property"). Upon careful review, we affirm.

This matter arises out of a bifurcated divorce and equitable distribution matter. Decedent, Patricia Suarez ("Wife"), and Robert J. Suarez, Jr. ("Husband"), were divorced by decree entered on October 21, 2013. Wife, who had been the plaintiff in the divorce action, died later that same day, and Executrix was substituted as plaintiff in the ongoing equitable distribution

matter. Husband filed for bankruptcy and, accordingly, Christine C. Shubert, Trustee of Husband's bankruptcy estate ("Trustee"), was added as an additional defendant in the equitable distribution matter.

On July 15, 2019, the court entered a final order resolving the parties' claims in equitable distribution. Executrix was awarded a 100% interest in the Property, contingent upon payment to Appellees of the sum of $90,000 within 120 days of entry of the order.[1] The order further provided that, should Executrix fail to make the payment within the time specified, the Property would be listed for immediate sale and the proceeds divided evenly between Executrix and Appellees. Husband and Executrix filed cross-appeals from the equitable distribution order. Husband's appeal was dismissed for failure to file a brief; Executrix's cross-appeal was voluntarily discontinued.

Executrix failed to make the payment to the Appellees as required by the equitable distribution order. Over the next two years, the parties filed numerous petitions and motions before the trial court. The order that is the subject of this appeal, entered on January 14, 2022, disposed of multiple pleadings filed by the parties and reads as follows, *verbatim*:

> The property located at 3725 Ronnald Drive, Philadelphia, PA shall be listed for sale forthwith.
>
> [Trustee] has the sole authority to execute the sale of the property.

_____

[1] Due to the order's disposition of all other marital property, "the net effect of the disposition of the other assets was for [Executrix] to pay Appellee $75,549.22." Trial Court Opinion, 4/27/22, at 2 n.1.

[Trustee] shall choose the realtor and notify [Executrix] with the full contact information of the realtor.

[Executrix] shall provide the Trustee with keys to the property by 3:00 p.m. on 1/18/22.

[Executrix] shall add Trustee and [Husband] as additional insureds to the insurance policy covering the property.

[Executrix] shall provide evidence that the insurance policy is in full force to the Trustee by 3:00 p.m. [on] 1/20/22.  This property policy shall be in full force until the sale of the property.

**The lien in the amount of $13,297.42 held by Discover Bank[] shall be paid by the Trustee.**

The amount of $75,549.22[,] plus interest in the amount of $11,332.38[,] shall be paid to the Trustee by 3:00 p.m. on 1/18/22.

Counsel fees as set forth in the order of 8/4/21 shall be paid today. Interest in the amount of $324.75 shall be paid today.

Additional counsel fees requested by Trustee's counsel are denied.

This order addresses all issues pending before the court raised in the following motions:

1.   Trustee's second motion for contempt and to enforce distribution of assets, filed on 11/2/21[,] and answer and new matter filed in response thereto[;]

2.   [Executrix's] petition to extend the date to obtain compliance by the Trustee of the court['s] decision[s] of 7/15/19 and 8/4/21 to 11/24/21, filed on 9/24/21[;]

3.   [] Trustee's emergency motion for insurance, filed 12/9/21[,] and answer and new matter thereto[; and]

4.   [Executrix's] second petition [to] enforce court decision [of] 7/15/19, filed 9/7/21.

Trial Court Order, 1/14/22, at 1-2 (emphasis added).

Executrix filed a timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. She raises the following claims for our review:

> 1. Was the decision not to enforce the [c]ourt's decision of July 15, 2019 supported by the [e]vidence?
>
> 2. Did the [c]ourt have jurisdiction to remove [e]state assets from the Orphans' Court?[2]

Brief of Appellant, at 3.

Executrix asserts that Trustee failed to comply with the trial court's equitable distribution order of July 15, 2019, and that the trial court erred in not enforcing that order. Although not entirely clear from Executrix's poorly-

---

[2] We may summarily dispose of this claim by reference to this Court's recent decision in an appeal filed by Executrix to the trial court's March 31, 2022 order imposing sanctions for her failure to comply with the order that is the subject of the instant appeal. There, Executrix argued that "her fiduciary obligations to the estate prevented her from simply writing a check to satisfy the court's directives." *Tomasetti v. Suarez*, 1004 EDA 2022, at \*4 (Pa. Super. filed Feb. 22, 2023) (unpublished memorandum decision). Executrix further argued, as she does here, that "matters relating to the administration of an estate are within the mandatory jurisdiction of [the] Orphans' Court." *Id.* This Court disagreed, concluding that "the instant case, which involved an intersection between divorce and estate matters, amounted to a situation where the Orphans' Court['s] jurisdiction was 'nonmandatory' under [20 Pa.C.S.A. §] 712." *Id.* at \*5. That determination is not only the law of the case, but the correct disposition of Executrix's claim. *See Pollock v. Nat'l Football League*, 171 A.3d 773, 781 (Pa. Super. 2017) (law of the case doctrine prevents party from relitigating claims or issues that have been resolved previously within same action, either in prior appeal or by judge of coordinate jurisdiction); *see also* 23 Pa.C.S.A. § 3323(d) (if party to divorce action dies after decree of divorce entered but prior to final determination of property rights, personal representative of deceased party shall be substituted as party and action shall proceed). Accordingly, Executrix is entitled to no relief on this claim.

drafted brief, which lacks citation to any authority on this issue, her claim involves the allocation of responsibility for payment of a lien against the Property resulting from a post-divorce judgment entered against Husband on December 2, 2014. Executrix asserts that "until January 31 [sic], 2022, the Trustee refused to sell [Husband's] interest in the property unless [Husband's lien was] paid by the estate." Brief of Appellant, at 9. Executrix is entitled to no relief.

The trial court's January 14, 2022, order specifically provides that the Discover Bank lien shall be paid by the Trustee and not the estate. Accordingly, we fail to discern how Executrix is aggrieved by the order on appeal. *See* Pa.R.A.P. 501 ("Except where the right of appeal is enlarged by statute, any party who is aggrieved by an appealable order, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom."). Indeed, given the two patently meritless issues raised by Executrix before this Court, we can only conclude that the instant appeal is merely another "meritless delay tactic[] in [Executrix's] pursuit of the goal to maintain possession of the [P]roperty." Trial Court Opinion, 4/27/22, at 1. Accordingly, we affirm the trial court's order.

Order affirmed. Application for post-submission communication granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/2023