J-S77033-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| DARREN EADES, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| SUPT. ERIK TICE AND | : | |
| COMMONWEALTH OF PENNSYLVANIA, | : | |
| | : | |
| Appellees | : | No. 2195 EDA 2018 |

Appeal from the Order May 8, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1107731-1995
DC-1606

BEFORE:    OTT, J., DUBOW, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:              **FILED MARCH 21, 2019**

Darren Eades (Appellant) appeals *pro se* from the May 8, 2018 order that dismissed his petition for a writ of *habeas corpus ad subjiciendum*, which the lower court treated as a petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On September 24, 1996, a jury convicted Appellant of first-degree murder, robbery, burglary, and possession of instrument of crime in connection with his deadly attack on a 93-year-old woman.  On September 25, 1996, he was sentenced to life imprisonment for murder.  On January 14, 1997, Appellant was sentenced to an additional aggregate sentence of 20 to 40 years of imprisonment on the remaining charges.  On May 19,

_____

*Retired Senior Judge assigned to the Superior Court.

1998, this Court affirmed Appellant's judgment of sentence, and on February

3, 1999, our Supreme Court denied his petition for allowance of appeal.

*Commonwealth v. Eades*, 718 A.2d 856 (Pa. Super. 1998) (unpublished

memorandum), *appeal denied*, 736 A.2d 602 (Pa. 1999).

> Appellant timely filed his first [PCRA] petition [] in January 2000; the petition was ultimately denied. This Court affirmed denial of Appellant's petition on August [3]0, 2001. *See Commonwealth v. Eades*, 785 A.2d 1026 (Pa. Super. 2001) (unpublished memorandum), *appeal denied*, [796 A.2d 314 (Pa.] 2002). Appellant filed two subsequent petitions seeking PCRA relief, both of which were dismissed, and the dismissals affirmed on appeal. *See Commonwealth v. Eades*, 984 A.2d 1010 (Pa. Super. 2009) (unpublished memorandum); *see also Commonwealth v. Eades*, 31 A.3d 760 (Pa. Super. 2011) (unpublished memorandum).
>
> On March 7, 2012, Appellant submitted a request to the Department of Corrections (DOC) for a copy of his sentencing order pursuant to the Pennsylvania Right–to–Know Law (RTKL). *See* 65 P.S. §§ 67.101–67.3104. On April 12, 2012, Appellant's request was denied, as the DOC did not possess a copy of the sentencing order. [The denial was affirmed on appeal. *See Eades v. Philadelphia Clerk of Courts*, No. 1921 C.D. 2014, 2015 WL 5448776 (Pa. Cmwlth. June 5, 2015) (unreported).]
>
> In July and October 2013, Appellant filed two petitions for writ of *habeas corpus ad subjiciendum*, asserting that DOC was without legal authority to detain him. Following a procedural delay, Appellant sought mandamus relief from the Pennsylvania Supreme Court, which directed the lower court to address his petitions. *See Eades v. Philadelphia Common Pleas Courts*, 123 A.3d 775 (Pa. 2015). Upon review, in November 2015, the [lower] court denied Appellant *habeas corpus* relief.

*Commonwealth v. Eades*, 170 A.3d 1234 (Pa. Super. 2017) (unpublished

memorandum at 2-3) (footnote omitted). On May 19, 2017, this Court

affirmed the denial of *habeas corpus* relief. *Id.* Our Supreme Court denied

Appellant's petition for allowance of appeal on December 13, 2017. **_Commonwealth v. Eades_**, 176 A.3d 236 (Pa. 2017).

The instant appeal concerns Appellant's January 29, 2018 praecipe for writ of _habeas corpus ad subjiciendum_. Therein, Appellant claimed that 42 Pa.C.S. § 9764 is unconstitutional because it fails to offer a remedy for DOC's inability to produce a copy of his sentencing order, and further claimed that DOC lacks authority to hold him. _Habeas_ Petition, 1/29/2018, at 4-13 (pagination supplied).

The lower court treated the petition as a PCRA petition. On April 4, 2018, the lower court filed a notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss the petition without a hearing. Appellant timely filed a _pro se_ response thereto, reiterating his claims and arguing that his filing is not cognizable under the PCRA. The lower court dismissed the petition on May 8, 2018. Appellant timely filed a notice of appeal, and both Appellant and the lower court complied with Pa.R.A.P. 1925.

On appeal, Appellant challenges the lower court's characterization of his praecipe for writ of _habeas corpus ad subjiciendum_ as a PCRA petition. Appellant's Brief at 3 (pagination supplied).

Preliminarily, we must determine the proper framework for our review. The first principle of note is that "the PCRA subsumes all forms of collateral relief, including _habeas corpus_, to the extent a remedy is available under such enactment." **_Commonwealth v. West_**, 938 A.2d 1034, 1043 (Pa.

2007). "[A] defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*." *Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013). However, "claims that fall outside the eligibility parameters of the PCRA may be raised through a writ of *habeas corpus*." *Commonwealth v. Masker*, 34 A.3d 841, 850 (Pa. Super. 2011) (*en banc*).

This Court has held that a claim that a prisoner's detention is illegal "due to the inability of the DOC to produce a written sentencing order related to [his] judgment of sentence constitutes a claim legitimately sounding in *habeas corpus*." *Joseph v. Glunt*, 96 A.3d 365, 368 (Pa. Super. 2014) (internal citation and quotation marks omitted). This Court has also rejected the very claim that Appellant raised in his petition. *See id.* at 372 (holding criminal docket and sentencing hearing transcript were sufficient to establish the legitimacy of the sentence and the prisoner's continued detention by the DOC). Therefore, although the lower court erred in applying the time constraints of the PCRA to Appellant's sentencing-order claim, it reached the correct result and no relief is due.[1] *Commonwealth v.*

---

[1] Moreover, this Court has previously addressed and disposed of Appellant's claim in a prior appeal. *Eades*, 170 A.3d 1234 (unpublished memorandum at 4-6) (holding Appellant not entitled to *habeas corpus* relief on his legality of detention claim because 42 Pa.C.S. § 9764 does not provide a remedy for such claim, his sentencing order is in the certified record, and his sentences were outlined in notes of testimony of his sentencing hearings and docketed accurately by clerk of courts).

*(Footnote Continued Next Page)*

***Kennedy***, 151 A.3d 1117, 1127 n.14 (Pa. Super. 2016) ("It is well-settled that this Court may affirm a trial court's ruling on any basis.").

Order affirmed.

*(Footnote Continued)* ─────────────

Further, to the extent Appellant attempts to argue on appeal that section 9764 is unconstitutional, this Court has already held that Appellant waived such claim and he is barred from relitigating it. ***Id.*** (unpublished memorandum at 5 n.4); ***see Pollock v. Nat'l Football League***, 171 A.3d 773, 781 (Pa. Super. 2017) (stating that "the law of the case doctrine exists to prevent a party from relitigating claims or issues that have been resolved previously within the same action, either in a prior appeal or by a judge of coordinate jurisdiction"), *quoting* ***Zane v. Friends Hosp.***, 836 A.2d 25, 29 (Pa. 2003) ("Among rules that comprise the law of the case doctrine are that … upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court….") (internal quotation marks and citation omitted).

In any event, any such claim would be waived for failure to include it in Appellant's Rule 1925(b) statement or the statement of questions involved section of his brief. ***See*** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the [Rule 1925(b) s]tatement … are waived."); Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."); ***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998) ("Any issues not raised in a 1925(b) statement will be deemed waived"); ***Commonwealth v. Kennedy***, 151 A.3d 1117, 1122 n.12 (Pa. Super. 2016) (finding argument waived where it was not included in statement of questions involved). ***Compare*** Rule 1925(b) statement ***with*** Appellant's Brief at 3, 13, 16, 18-19 (pagination supplied).

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 3/21/19